**Donna RYDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–96–018–CV.

Court of Appeals of Texas,
Waco.

March 6, 1996.

Cornelia A. Hartman, Houston, for appellant.

James W. Locke, Asst. District Attorney, Bryan, for appellee.

Before CUMMINGS and VANCE, JJ.

## MEMORANDUM OPINION

PER CURIAM.

Donna Ryder attempts to appeal from a judgment terminating her parent-child relationship with two of her children and from the court's order following a status review hearing. She has filed a motion to extend the time to file her affidavit of inability to pay the costs of this appeal. We will deny the motion because it is untimely. Because we deny the motion requesting an extension of time, her affidavit of inability to pay costs is also untimely. Therefore, we will dismiss her appeal from the termination proceeding for want of jurisdiction. Additionally, because we conclude that we do not have subject matter jurisdiction over the review hearing order, we dismiss her attempted appeal from that order.

On September 5, 1995, the court signed a decree terminating Ryder's parental rights to the children. She filed a motion for a new trial on October 5. Because the court did not rule on this motion, it was overruled by operation of law seventy-five days after the judgment was signed, i.e., on November 19. Tex.R.Civ.P. 329b(c). As part of its continuing jurisdiction over the children, the court held a review hearing on December 7. Tex. Fam.Code Ann. §§ 263.304, 263.305 (Vernon Supp.Pamph.1996). On the same day, the court signed an order continuing the placements of the two children. Ryder filed a notice of appeal on January 18, 1996, along with an affidavit of inability to pay costs. On January 24, she filed in this court a motion for an extension of time to file her affidavit of inability to pay costs.

### Appeal of the Termination Judgment

Because Ryder filed a motion for new trial, she had ninety days after the termination judgment was signed to perfect her appeal. Tex.R.App.P. 41(a)(1). Thus, her affidavit of inability to pay costs should have been filed by December 4. Failing to meet that deadline, she had an additional fifteen days, i.e., until December 19, to file her affidavit in the trial court and a motion for extension of time to file the affidavit in this court. Id. 41(a)(2). Because she failed to do

either, she has not timely perfected her appeal.

■ The time period for filing an affidavit of inability to pay costs is jurisdictional. *See Davies v. Massey,* 561 S.W.2d 799, 800 (Tex. 1978); *El Paso Sharky's v. Amparan,* 831 S.W.2d 3, 5 (Tex.App.—El Paso 1992, writ denied). Although Rule 41(a)(2) would allow us to grant a motion for extension of time, we can only do so if the motion seeking an extension is filed in this court within fifteendays of the deadline for the perfecting instrument. TEX.R.APP.P. 41(a)(2); *Ludwig v. Enserch Corp.,* 845 S.W.2d 338, 339–40 (Tex. App.—Houston [1st Dist.] 1992, no writ); *El Paso Sharky's,* 831 S.W.2d at 4–5. Because Ryder failed to file her affidavit within the jurisdictional time period and failed to timely request an extension of time for its late filing, we lack jurisdiction to entertain this appeal. *Id.; McDonald v. Newmyer,* 775 S.W.2d 652, 653 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

■ Ryder argues that an order appointing an attorney to represent her signed by the court on November 21 sufficiently perfected her appeal to confer jurisdiction on us. We have jurisdiction over an appeal "if a party files an instrument in a bona fide attempt to invoke" our jurisdiction. *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex. 1994). Although the order establishes that the appointed attorney shall represent Ryder "until the case is concluded, including appeal, if any," it does not attempt to invoke our jurisdiction. Thus, this order is not sufficient to perfect her appeal. *Id.*

■ Ryder also argues that she properly invoked our jurisdiction to consider the termination judgment because her affidavit and motion for extension of time are timely with respect to the review hearing order. TEX. R.APP.P. 41(a)(2). We reject this contention because the order terminating her parental relationship with the children is a final, appealable order. *Durham v. Barrow,* 600 S.W.2d 756, 761 (Tex.1980); *Rodarte v. Cox,* 828 S.W.2d 65, 71 (Tex.App.—Tyler 1991, writ denied). Thus, the appellate timetable for complaining about any issue resolved in that order began to run on the date it was signed. TEX.R.APP.P. 41(a)(1); *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 485–86 (Tex. 1995). Any complaints that she might bring about the review hearing are not relevant to our jurisdiction over the termination order.

### Appeal of the Review Hearing Order

■ Ryder states that she also intends to directly appeal the court's December 7 order continuing the foster care placements of the children. Thus, she argues, because her affidavit and motion for extension of time were filed within the fifteen day period provided by rule 41(a)(2), we have jurisdiction over the review hearing order. TEX.R.APP.P. 41(a)(2).

■ However, because her parental rights have been terminated, Ryder does not have standing to appeal the outcome of the review hearing. *See* TEX.FAM.CODE ANN. § 161.206(b); *Tex. Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 445–46 (Tex.1993); *Reynolds v. Reynolds,* 860 S.W.2d 568, 570–71 (Tex.App.—Dallas 1993, writ denied). Thus, because standing is a component of our subject matter jurisdiction, we do not have jurisdiction over her attempted appeal of the review hearing order. *See id.*

Ryder's motion for extension of time to file her affidavit is untimely; therefore, we deny her motion and dismiss her appeal of the termination judgment for want of jurisdiction. We do not have subject matter jurisdiction over her appeal of the order following the review hearing because she does not have standing to appeal from it; thus we also dismiss her attempted appeal of that order for want of jurisdiction.