IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00101-CR through
10-05-00117-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

Rebekah Faith Stanley, ET AL.

                                                                      Appellees

 

 

 



From the County Court at Law 

McLennan County, Texas

Trial Court Nos. 2004-3921-CR1
through 2004-3933-CR1

and Nos. 2004-3935-CR1 through
2004-3938-CR1

 



MEMORANDUM  Opinion










 

          The State has filed motions to dismiss
these seventeen appeals
under Rule of Appellate Procedure 42.2(a).  See Tex. R. App. P. 42.2(a); McClain v. State, 17 S.W.3d
310, 311 (Tex. App.CWaco
2000, no pet.) (per curiam).  We have not issued decisions in these appeals
since the Court of Criminal Appeals remanded them to this Court for further
proceedings.  See State v. Stanley, No. PD-1393-05, 2006 Tex. Crim. App. LEXIS 1816 (Tex. Crim. App. Sept. 20, 2006).  The Clerk of this Court has
sent duplicate copies of the motions to the trial court clerk.  See Tex. R. App. P. 42.2(a); McClain,
17 S.W.3d at 311.  None of the Appellees has filed a response.  Accordingly,
these appeals are dismissed.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed November 1, 2006

Do not publish

[CR25]

 






#160;                                    

MEMORANDUM OPINION
                                                                                                    

      Henry and Nancy DeAnda attempt to appeal a summary judgment granted in favor of Joseph
Hill as the bankruptcy trustee of the Henry and Nancy DeAnda estate. The DeAndas seek an
extension of time to file a cost bond. Because the applicable time constraints run from the date
the judgment was signed, as opposed to the date the judgment was filed, all of the DeAndas' post-judgment filings are untimely, and we do not have jurisdiction over this cause. Accordingly, we
deny their motion and dismiss this appeal. 
      The DeAndas are the beneficiaries of seven trusts set up over an eight year period. After they
declared bankruptcy, the bankruptcy trustee sought a declaratory judgment establishing that the
assets of the trusts were available to satisfy the DeAndas' debts. The trustee also requested
attorneys fees and relief under the Texas Uniform Fraudulent Transfer Act. Tex. Bus. & Com.
Code Ann. § 24.001 et. seq. (Vernon 1987 & Supp. 1996). After the trial court granted a partial
summary judgment, declaring that the trust assets were available to the bankruptcy estate, Hill
abandoned his claims for attorneys fees and those under the Fraudulent Transfer Act, and moved
the court for a final judgment. On May 20, 1996, the court signed a "Final Judgment" with the
same terms as the partial summary judgment and specifically denied all other relief. This
judgment was filed stamped by the court clerk's office ten days later on May 30.
      On June 27, the DeAndas filed a motion for a new trial and on the next day they filed a
request for findings of fact and conclusions of law. Neither of these motions were acted upon by
the trial court on the record before us. Attempting to perfect an appeal from the court's order, the
DeAndas then filed a notice of appeal on August 30. Although their appeal was assigned to this
court, the DeAndas filed a motion to extend the time to file a cost bond in the Houston 1st District
Court of Appeals on September 9. On the same day that they mailed the motion to extend time,
September 6, they filed a cost bond in the trial court. Hill mailed a response to DeAnda's motion
to the 1st Court of Appeals on September 11. At this point, either the court or the parties realized
that they were conducting the appeal before the wrong court. We received the transcript, the
Deandas' motion to extend time, Hill's response, all filed in the 1st Court of Appeals, and the
Deandas' reply to Hill's response, filed originally in this court, on September 19. 
      A motion for a new trial must be filed within thirty days of the date the judgment is signed. 
Tex. R. Civ. P. 329b. Similarly, to perfect an appeal a party must file its perfection instrument
within thirty days of the signing of the judgment, absent a timely motion for a new trial, to modify
the judgment, or, in an appropriate cause, a request for findings of fact and conclusions of law. 
Tex. R. App. P. 41(a)(1). Failing to meet the thirty day deadline for perfecting its appeal, a party
may resort to the extension-of-time provision contained in the Rule of Appellate Procedure and
request more time to perfect its appeal by a motion filed in the appellate court within fifteen days
of the due date of its cost bond. Id. 41(a)(2). 
      Here, the court signed the summary judgment on May 20 and the motion for a new trial was
due by June 19. Tex. R. Civ. P. 329b. The DeAndas did not file their motion until June 27,
eight days too late. Thus, the appellate deadlines were not affected, and they were required to
perfect their appeal within thirty days of the signing of the judgment, i.e., also by June 19. Tex.
R. App. P. 41(a)(1); Benyo v. Hem, 833 S.W.2d 714, 715-16 (Tex. App.—Houston [1st Dist.]
1992, no writ). Failing to meet that deadline, they had until July 5 to file a motion for extension
of time to file their cost bond.


 Again, they failed to meet this deadline.
      The time period for filing a cost bond is jurisdictional. Davies v. Massey, 561 S.W.2d 799,
801 (Tex. 1978); El Paso Sharky's v. Amparan, 831 S.W.2d 3, 5 (Tex. App.—El Paso 1992, writ
denied). Because the DeAndas failed to perfect their appeal within the jurisdictional time period
and failed to timely request an extension of time for late filing of the cost bond, we lack
jurisdiction to entertain the appeal. Ryder v. State, 917 S.W.2d 503, 505 (Tex. App.—Waco
1996, no writ); McDonald v. Newmyer, 775 S.W.2d 652, 653 (Tex. App.—Houston [1st Dist.]
1989, writ denied).
      In their motion for an extension of time, the DeAndas alternatively request that they be
"allowed to file an equitable bill of review as an original suit." In their response to Hill's reply
to their motion to extend time, the DeAndas ask that we find that the judgment is not final and
dismiss this appeal as an attempted appeal from an interlocutory judgment. Finally, also in their
reply, they ask that we abate the appeal and order the controversy into mediation. However, when
we lack jurisdiction over a cause the only legitimate action we can take is to dismiss the appeal. 
State v. Morales, 869 S.W.2d 941, 949 (Tex. 1994). Accordingly, the DeAnda's motion for an
extension of time to file the cost bond is denied and this appeal is dismissed for want of
jurisdiction.
 
                                                                                           PER CURIAM
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Motion denied; dismissed for want of jurisdiction
Opinion delivered and filed October 16, 1996
Do not publish