Raymond A. SINGLETON, Walter A. Hammann IV, and the City of League City, Texas, Sued Directly and Through the League City Police Department, Appellants

v.

Kenneth L. CASTEEL, Appellee.

No. 14–07–00932–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 25, 2008.

William S. Helfand, Houston, TX, for appellants.

Mark Allen Counts, Houston, TX, for appellees.

Panel consists of Justices YATES, GUZMAN, and BROWN.

## OPINION

LESLIE B. YATES, Justice.

In this interlocutory appeal, appellants the City of League City, Texas ("the City") and League City police officers Raymond Singleton and Walter Hammann (collectively "the officers") appeal the trial court's order denying their motion to dismiss. In their sole issue on appeal, appellants contend the trial court erred in denying their motion to dismiss the claims filed by appellee, Kenneth Casteel, against the officers because the claims are barred by section 101.106 of the Texas Civil Practice and Remedies Code. We reverse the trial court's order and render judgment dismissing the claims against the officers.

### I. BACKGROUND

On June 11, 2007, Casteel filed a lawsuit against the City, the League City Police Department ("the Department"), and the officers. In his suit, Casteel asserted claims of (1) malicious prosecution against the City, the Department, and the officers, (2) negligent hiring and negligent formation and/or implementation of policy against the City and the Department, and (3) civil conspiracy and intentional infliction of emotional distress against the officers.[1] The City, the Department, and the officers subsequently filed an answer which included, among other things, a mo-

tion to dismiss the claims against the officers pursuant to section 101.106 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2005).[2] Following a hearing, the trial court denied the motion to dismiss Casteel's claims against the officers.[3]

### II. ANALYSIS

In their sole issue, appellants contend the trial court erred in denying their motion to dismiss Casteel's claims against the officers because the claims are barred by section 101.106 of the Texas Civil Practice and Remedies Code.

### A. Standard of Review

 Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only when a statute explicitly confers such jurisdiction. *Texas A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 840 (Tex.2007). Section 51.014(a)(5) of the Texas Civil Practice and Remedies Code authorizes an appeal from an interlocutory order of a trial court denying "a *motion for summary judgment* that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.2007) (empha-

---

1. These claims arise from Hammann and Singleton's investigation of an altercation involving Casteel and his common law spouse, Gwendolyn Krueger, in a parking lot in League City on January 30, 2006. On May 10, 2006, Singleton filed a police report regarding the incident. The Galveston County District Attorney's office subsequently charged Casteel with evading arrest. On January 22, 2007, the criminal charge against Casteel was dismissed due to insufficient evidence.

2. In a previous suit filed on March 7, 2007, Casteel alleged malicious prosecution against

the City, the Department, and the officers, and civil conspiracy and a civil rights violation under 42 U.S.C. § 1983 against the officers. Following removal of the suit to federal court, Casteel filed an unopposed motion to dismiss the suit, which was granted on May 4, 2007.

3. Although the City and the Department were named as individual defendants in the underlying suit, on appeal the City is named as an appellant "sued directly and through the League City Police Department."

sis added). However, we have held that section 51.014(a)(5) also confers jurisdiction upon us to consider an interlocutory appeal based upon a trial court's denial of a motion to dismiss filed pursuant to section 101.106. *See Escalante v. Rowan*, 251 S.W.3d 720, 727 (Tex.App.–Houston [14th Dist.] 2008, pet. filed) (concluding that by alleging immunity as employees of State, defendant doctors entitled themselves to interlocutory appeal even though they may have used "wrong" procedural vehicle to raise immunity defense); *Phillips v. Dafonte*, 187 S.W.3d 669, 672–74 (Tex.App.–Houston [14th Dist.] 2006, no pet. (same)).[4] Here, appellants timely filed a notice of interlocutory appeal.

■ Generally, we review a trial court's order on a motion to dismiss under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex.2001); *Kanlic v. Meyer*, 230 S.W.3d 889, 892 (Tex.App.–El Paso 2007, pet. denied). However, the proper standard of review is not necessarily determined by the type of motion to which the trial court's order pertains, but rather by the substance of the issue to be reviewed. *See In re Doe*, 19 S.W.3d 249, 253 (Tex.2000) (concluding that to determine proper standard of review, "we must determine whether the [issue] is a question of fact or of law"). Here, appellants' motion raised an issue of official immunity under section 101.106 of the Texas Tort Claims Act. If official immunity applies, the trial court lacks subject matter juris-

diction over the case. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex.2004). Subject matter jurisdiction is a question of law which we review de novo. *Id.* at 226. Likewise, matters of statutory construction are reviewed under a de novo standard. *City of San Antonio v. Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

## B. Section 101.106 of the Texas Tort Claims Act

The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.023 (Vernon 2005). After the Tort Claims Act was enacted, however, plaintiffs often sought to avoid the Act's damages cap or other strictures by suing governmental employees because claims against them were not always subject to the Act. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex.2008) (citing Michael S. Hull et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History, Part Three: Detailed Analysis of the Medical Liability Reforms*, 36 TEX. TECH. L.REV. 169, 290–93 (2005)). To prevent such circumvention, and to protect government employees, the Texas Legislature created an election-of-remedies provision. *Id.* As originally enacted, section 101.106 barred any action against governmental employees after claims against the govern-

---

4. Other courts of appeals have interpreted section 51.014(a)(5) in a similar manner. *See, e.g., Lanphier v. Avis*, 244 S.W.3d 596, 598–99 (Tex.App.–Texarkana 2008, pet. filed) (reviewing trial court's ruling on motion to dismiss, rather than motion for summary judgment, brought under section 101.106(f)); *Kanlic v. Meyer*, 230 S.W.3d 889, 892 (Tex. App.–El Paso 2007, pet. denied) (same); *see also Poland v. Willerson*, No. 01–07–00198–CV, 2008 WL 660334, at *7 (Tex.App.–Hous-

ton [1st Dist.] Mar. 13, 2008, pet denied) (mem. op., not designated for publication); *Karnes County v. Thomas*, No. 04–06–00613–CV, 2007 WL 2261694, at *3 (Tex.App.–San Antonio Aug.8, 2007, no pet.) (mem. op., not designated for publication). *But see Hudak v. Campbell*, 232 S.W.3d 930, 931 (Tex.App.–Dallas 2007, no pet.) (concluding section 51.014(a)(5) does not grant right of interlocutory appeal following denial of motion to dismiss pursuant to section 101.106(f)).

mental unit were reduced to a judgment or settled.[5] While employees were thus afforded some protection when claims against the governmental unit were reduced to judgment or settled, there was nothing to prevent a plaintiff from pursuing alternative theories against both the employee and the governmental unit through trial or other final resolution. *Id.*

In 2003, as part of its comprehensive tort reform efforts, the Texas Legislature amended section 101.106. *Id.* That section, entitled "Election of Remedies," now provides:

(a) The filing of a suit under this Chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

As the Texas Supreme Court recently explained in *Garcia,*

The revision's apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery. By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101.106 narrows

---

**5.** Former section 101.106 provided as follows: "A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the gov-

ernmental unit whose act or omission gave rise to the claim." Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 101.106).

the issues for trial and reduces delay and duplicative litigation costs.

*Id.* at 657.

## C. Appellants' Motion to Dismiss the Officers Under Section 101.106

■ In his suit, Casteel brought claims against both the City and the officers, Hammann and Singleton. Against the City, he alleged negligent hiring and negligent formation and/or implementation of policy, against both the City and the officers he alleged malicious prosecution, and against the officers alone he alleged civil conspiracy and intentional infliction of emotional distress.[6] The City and the officers subsequently moved the trial court to dismiss the claims brought against the officers pursuant to section 101.106(e). Following a hearing, the trial court denied the motion.

Section 101.106(e) provides, "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Appellants argue that because Casteel brought claims under the Tort Claims Act against both the City and the officers, the officers were entitled to dismissal of Casteel's claims against them upon appellants' filing of a motion to dismiss. Casteel acknowledges that his suit against the City was brought under

the Tort Claims Act but contends that his tort claims against the officers could not be "filed under" the Act because "the State has not waived sovereign immunity for intentional torts." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.057(2) ("This chapter does not apply to a claim ... arising out of assault, battery, false imprisonment, or *any other intentional tort....*" (emphasis added)). Thus, he concludes, because his claims against the officers were not brought under the Act, section 101.106(e) does not apply. Therefore, we must determine whether Casteel's claims against the officers were brought under the Tort Claims Act.

The Texas Supreme Court's recent decision in *Mission Consolidated Independent School District v. Garcia* controls our disposition of this appeal. In *Garcia*, three former school district employees filed identical lawsuits (later consolidated on appeal) against the school district and its superintendent. 253 S.W.3d at 654–55. Specifically, the employees alleged (1) discriminatory wrongful discharge in violation of the Texas Commission on Human Rights Act ("TCHRA") against the school district, (2) intentional infliction of emotional distress against the school district and the superintendent, and (3) defamation, fraud, and negligent misrepresentation against the superintendent. *Id.* The school district

---

6. Casteel argues that his claim for malicious prosecution is only against the officers. However, a review of the pleadings reveals that, in paragraph 26 of his Original Petition, under "Malicious Criminal Prosecution," Casteel refers repeatedly to "Defendants." In paragraph 6, under the section entitled "Parties," he states that Singleton, Hammann, the City, and the Police Department "are sometimes collectively referred to herein as 'Defendants.'" Thus, Casteel's malicious prosecution claim is against both the City and the officers. Moreover, that Casteel's amended petition—filed after appellants filed their motion to dismiss and the trial court denied it—

dropped his claim of malicious prosecution against the City is irrelevant to deciding whether the tort was brought against the City. *See Brown v. Xie*, 260 S.W.3d 118, 122 (Tex. App.–Houston [1st Dist.] 2008, no pet. h.) (concluding that plaintiff's original petition, not amended petition, is proper pleading to scrutinize in determining whether dismissal under section 101.106(e) is appropriate); *Villasan v. O'Rourke*, 166 S.W.3d 752, 762 (Tex. App.–Beaumont 2005, pet. denied) (finding that amending petition does not avoid mandatory language of section 101.106(e) where dismissal of government employee is appropriate based on original petition).

filed a plea to the jurisdiction contending that recovery against it was barred pursuant to section 101.106(b) of the Tort Claims Act. *Id.*[7]

The trial court denied the school district's jurisdictional plea, and the court of appeals affirmed, holding that section 101.106 was inapplicable to the case. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 166 S.W.3d 902, 903 (Tex.App.–Corpus Christi 2005), *aff'd in part,* 253 S.W.3d 653 (Tex.2008). The court of appeals concluded that only subsection (e) of the election-of-remedies provision, not (b), could apply to the case because the school district and the superintendent were sued together. *See id.* at 905. The court of appeals then read subsection (e)'s express application to "suit[s] ... filed under this chapter" to mean that, in order for the Tort Claims Act's election-of-remedies provision to apply, the plaintiff's suit had to be one for which the Act actually waived immunity. *See id.* Reasoning that because the employees' suit against the school district was not one for which the Act waives immunity, the court of appeals concluded that section 101.106 had no application. *See id.*

The Texas Supreme Court rejected the appellate court's interpretation. *Garcia,* 253 S.W.3d at 658. It began its analysis by examining the effect subsection .(e) would have on the employees' suit if it were applied. *See id.* Addressing the appellate court's reasoning that none of the employees' claims were brought "under this chapter" because they did not fit within the Tort Claims Act's waiver, and therefore section 101.106(e) did not apply, the Court stated,

> [W]e have never interpreted "under this chapter" to only encompass tort claims for which the Tort Claims Act waives immunity.... Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be "under [the Tort Claims Act]" for purposes of section 101.106.

*Id.* at 658–59. Having concluded that the employees' tort claims were not excluded from section 101.106(e)'s application, the *Garcia* court then determined that if subsection (e) were applied to the case, the superintendent would be entitled to dismissal of the employees' suit against him upon the school district's filing of a motion. *See id.* at 659.[8] The court held that "the Act's election scheme governs all suits against a governmental unit, and that its application here bars all common-law recovery against the superintendent and the school district." *Id.* at 654.

In light of the holding in *Garcia,* Casteel's contention that section 101.106(e) does not apply because his tort claims against the officers are not ones for which the Act has waived immunity, and thus were not "filed under" the Act, is without

7. Section 101.106(b) provides that "the filing of a suit against any employee of a governmental unit ... immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter."

8. However, the *Garcia* court also concluded that the employees' suit under the TCHRA was not a suit "filed under" the Tort Claims Act and, thus, would not come within subsection (e)'s purview because section 101.003 of the Act expressly provides that the remedies the Act authorizes "are in addition to any other legal remedies," and the TCHRA provides a statutory remedy for unlawful discrimination. *Garcia,* 253 S.W.3d at 659. Thus, the employees' TCHRA claim against the school district was not brought under the Tort Claims Act because it was brought pursuant to a waiver of sovereign immunity existing apart from the Act. *See id.*

merit.[9] Other courts of appeals have reached the same conclusion. *See, e.g., Brown v. Xie,* 260 S.W.3d 118, 121, (Tex. App.–Houston [1st Dist.] 2008, no pet. h.) (holding section 101.106 applied to suit alleging intentional torts against hospital and individual employees and that employees were entitled to dismissal from suit under section 101.106(e)); *Texas Bay Cherry Hill, L.P. v. City of Fort Worth,* 257 S.W.3d 379, 400 (Tex.App.–Fort Worth 2008, no pet. h.) (finding all of plaintiff's claims against City were claims under Tort Claims Act for purposes of section 101.106); *see also City of Eagle Pass v. Wheeler,* No. 04–07–00817–CV, 2008 WL 2434228, at *5 (Tex.App.–El Paso June 18, 2008, no pet. h.) (mem. op., not designated for publication) (concluding appellee's argument that claims against governmental employees, in lawsuit against governmental unit and individual employees, were not barred under section 101.106(e) because intentional torts claims could not be brought under Tort Claims Act was without merit in light of *Garcia* decision); *cf. Kelemen v. Elliott,* 260 S.W.3d 518, 523 (Tex.App.–Houston [1st Dist.] 2008, no pet. h.) (holding in lawsuit brought against City and police officer, where claims falling under Tort Claims Act were filed only against officer and claims against City alleged statutory violations only, section 101.106(e) did not bar claims against officer because lawsuit did not assert tort claims against both officer and City).

Pursuant to section 101.106(e), "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall be immediately dismissed on the filing of a motion by the governmental unit." Here, Casteel filed suit alleging torts against both the City and the officers. Because "all tort theories" are "under this chapter" for purposes of section 101.106, subsection (e) applies to Casteel's tort claims. *See Garcia,* 253 S.W.3d at 659; *Brown,* 260 S.W.3d 118, 123. Further, both the City and the officers sought dismissal of the claims against the officers under subsection (e). Thus, Singleton and Hammann were entitled to dismissal of Casteel's claims against them.

■ In his brief, Casteel urges us to follow the Fifth Circuit and conclude that section 101.106 cannot be construed as a statutory bar to intentional tort claims. In *Meadours v. Ermel,* 483 F.3d 417 (5th Cir.2007), the Fifth Circuit held that section 101.106 did not apply to intentional tort claims. *Id.* at 424. In so holding, the Fifth Circuit recognized that some Texas courts, relying on the Texas Supreme Court's decision in *Newman v. Obersteller,* 960 S.W.2d 621 (Tex.1997), had concluded that section 101.106 encompassed intentional torts. *Meadours,* 483 F.3d at 425.[10] The *Meadours* court then stated,

> However, *Newman* stands for the proposition that section 101.106 is an immunity statute, and not a bar.... The

9. Casteel's argument that his lawsuit was not filed under the Tort Claims Act because his initial suit filed on March 7, 2007, which was subsequently dismissed, did not mention or invoke the Act, is equally unpersuasive. *See Texas Bay Cherry Hill, L.P. v. City of Fort Worth,* 257 S.W.3d 379, 400 (Tex.App.–Fort Worth 2008, no pet. h.) (concluding that all of plaintiff's claims against City were claims "under" Tort Claims Act for purposes of section 101.106 despite fact that plaintiff did not invoke or refer to Act in its pleadings).

10. In *Newman,* the court held that former section 101.106's limiting phrase "under this chapter" operated to bar an intentional tort claim against an employee after a final judgment on a claim involving the same subject matter had been rendered against the governmental unit, even though the Act by its terms expressly excluded intentional torts from the scope of the Act's immunity waiver. *See Newman,* 960 S.W.2d at 622–23.

[*Newman*] Court held the "bars any action" language of the former version of section 101.106 "is an unequivocal grant of immunity in this context.".... *Newman* never explicitly held that section 101.106 should be applicable to intentional torts. In addition, *Newman* relied on the language of the prior version of section 101.106. Given the uncertainty of *Newman*'s applicability here, we feel compelled to follow the plain language of section 101.057(2). Thus, section 101.106 does not apply to these intentional tort claims.

*Id.* at 424. However, a reading of *Garcia* dispels any uncertainty about *Newman*'s continuing vitality and section 101.106's applicability to intentional torts. In concluding that all tort theories are under the Tort Claims Act for purposes of section 101.106, the *Garcia* court also re-affirmed its holding in *Newman v. Obersteller. See Garcia*, 253 S.W.3d at 658–59.[11]

We hold the trial court erred by denying appellants' motion to dismiss the officers. Accordingly, we sustain appellants' sole issue.

## III. CONCLUSION

We reverse the judgment of the trial court and render judgment dismissing Casteel's claims against Singleton and Hammann pursuant to section 101.106(e) of the Texas Civil Practice and Remedies Code.

---

**11.** Moreover, we note Fifth Circuit precedent is not binding upon Texas courts. *See Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 296 (Tex.1993); *Mohamed v. Exxon Corp.,* 796 S.W.2d 751, 753 (Tex.App.–Houston [14th Dist.] 1990, writ denied).

