Affirmed in Part, and Dismissed for Want of Jurisdiction in Part, and
Memorandum Opinion filed April 7, 2009








Affirmed in Part, and Dismissed for Want of
Jurisdiction in Part, and
Memorandum Opinion filed April 7, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00911-CV

_______________

 

THERESA ELIZABETH TROJACEK and RONALD DAVID LUDWIG,
Appellants

 

v.

 

ESTATE OF MAGNOLIA KVETON, Appellee

                                                                                                                                               


On Appeal from the County Court at Law

Austin County, Texas

Trial Court Cause No. 7041

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N








This longstanding real-estate dispute
arose in Austin County and involves unusual factual complexity.  The parties
are:  (1) Magnolia Kveton (AKveton@), an elderly lady who owned 333 acres of land that she
deeded to her putative fiancé, Ronald David Ludwig (ALudwig@); (2) Ludwig, an already-married
young veterinarian who has since been incarcerated for capital murder, and (3)
Ludwig=s ex-wife, Theresa Elizabeth Trojacek
(ATrojacek@), who continues to litigate about
ownership of the land in which she admittedly has no legal interest.  

In 1990, after discovering that
Ludwig was married, Kveton sued him for fraud and breach of fiduciary duties,
seeking a return of the property she deeded to him.  Following a bench trial
conducted seventeen years later, in 2007, the trial court concluded that Ludwig
in fact breached fiduciary duties to Kveton and restored ownership of the
property to the estate of the now-deceased Kveton (the AEstate@).

In one issue on appeal, Ludwig
challenges the trial court=s subject matter jurisdiction, contending that the amount in
controversy in the underlying proceeding exceeded the jurisdictional limits for
a statutory county court.  In addition, Trojacek has separately appealed,
raising five issues, under the presumption that she has some legal rights to
the acreage.  She does not.  Because Trojacek lacks standing to challenge the
judgment, we dismiss her appeal for want of jurisdiction.  Otherwise, we affirm
the judgment as to Ludwig.

 

                                                               BACKGROUND

In the late 1970s, Kveton owned
roughly 333 acres of land located in Austin County and Colorado County.  When
she was almost ninety years old, she was befriended by Ludwig, a veterinarian
in his mid-20s.  As their friendship developed, Kveton apparently came under
the impression that Ludwig intended to marry her.  Over a period of nine years
that began in 1979,  Kveton transferred the 333 acres to Ludwig in the form of
six real-estate deeds that were executed at different times.  She later
alleged, and the trial court found, that Ludwig did not give consideration for
these deeds. 








During the time that Kveton claimed
Ludwig as her fiancé, he was already married to Trojacek.  However, in 1989,
Trojacek sued Ludwig for divorce in Harris County district court and, in that
proceeding, characterized the 333 acres as the couple=s community property.  Kveton
apparently learned of the divorce action and, realizing that Ludwig was already
married, demanded that he return the real-estate deeds to her.  When he
declined, Kveton intervened in the divorce proceeding.  She accused LudwigCand Trojacek, tooCof fraud and breach of fiduciary
duties, and asked that the acreage be re-conveyed to her.  Kveton died during
the pendency of the divorce action, however, and the petition for intervention
was thereafter prosecuted by her estate.  Kveton=s will was probated in the County
Court at Law of Austin County.

The Harris County district court
ordered that the intervention be severed from the main divorce action but,
after that point, the record indicates there was no further activity on the
intervention until March 30, 2007, almost fifteen years later.[1] 
Meanwhile, in February 1992, the district court signed a divorce decree that
awarded the 333 acres to Ludwig, as his separate property.  Importantly,
Trojacek has never appealed that determination, and she openly acknowledges
that the divorce decree effectively extinguished any claim she might have in
the acreage.

Ludwig did not hold title to the
property for long.  During the pendency of the divorce action, Ludwig was
indicted for the capital murder of his brother-in-law (Joseph Trojacek) and
five-year-old nephew (Matthew Trojacek).  He was convicted and sentenced to
incarceration for life.  See Ludwig v. State, 872 S.W.2d 771, 771 (Tex.
App.CWaco 1994), aff=d, 931 S.W.2d 239 (Tex. Crim. App. 1996).  Katherine
Marie Trojacek (AKatherine@), who was Joseph=s widow and Matthew=s mother, obtained a civil judgment
against Ludwig for $50,016,962.00.  In 1993, Katherine, presumably collecting
on the civil judgment, acquired whatever interest Ludwig had in the 333 acres
pursuant to sheriffs= deeds in Austin County and Colorado County.








In 2007, Katherine attempted to sell
some of the real property; however, a title company discovered that the acreage
was subject to a lis pendens notice that the Estate had filed in Austin County
in March 1992.  At that point, Theresa TrojacekCnot KatherineCapproached the Estate to terminate
the lis pendens.  When the Estate refused, Trojacek threatened, apparently on
her sister=s behalf, to bring litigation.

In March 2007, the Estate filed a
motion asking that the intervention, which had lain dormant in Harris County
for many years, be transferred to Austin County and consolidated with the
Estate=s probate proceeding.  The county
court in Austin County, sitting as a probate court, granted the transfer and
consolidation request.  Trojacek responded by filing several motions seeking
termination of the lis pendens notice relating to the 333 acres, although she
admitted by affidavit that she held no legal interest in the land.

The case proceeded to a bench trial
in Austin County.  The Estate continued to press claims against Ludwig and
Trojacek for fraud and breach of fiduciary duty.  Trojacek also pursued a
counterclaim against Ludwig and the Estate, alleging that both had filed
frivolous pleadings.  The trial court found in Trojacek=s favor as to all of the Estate=s claims against her, but rejected
Trojacek=s frivolous-pleading counterclaims. 
As to Ludwig, the trial court also found in his favor on the Estate=s fraud allegations.  However, on the
Estate=s breach-of-fiduciary duty claims
against Ludwig, the court found that (1) Ludwig had a confidential relationship
with Kveton, giving rise to fiduciary duties; (2) Ludwig breached those duties
to Kveton; (3) Ludwig held all six deeds in constructive trust for Kveton; and
(4) Ludwig did not give consideration for the real-estate transfers. 
Therefore, the trial court rescinded the deeds from Kveton to Ludwig, and
ordered Ludwig to pay $108,546.79 in damages to the Estate.








Ludwig and Trojacek have separately
appealed the trial court=s judgment, collectively raising six issues.  In his only
issue, Ludwig contends that the trial court lacked jurisdiction because the
amount in controversy exceeded $100,000, the maximum jurisdictional limit for a
statutory county court.  Trojacek has also appealed the trial court=s fiduciary-breach finding against
Ludwig, arguing in five issues that (1) the Estate=s petition was, or should have been,
dismissed for want of prosecution; (2) the trial court=s finding of a constructive trust is
factually insufficient; and (3) the trial court abused its discretion by failing
to grant a new trial after Trojacek allegedly discovered new evidence
indicating that Ludwig had, in fact, paid consideration for the real-estate
conveyances.

We hold that Trojacek lacks standing
to appeal a judgment that did not injuriously affect her rights.  Therefore, we
dismiss her appeal for lack of jurisdiction.  We also hold that the trial court
had subject matter jurisdiction over the Estate=s claims against Ludwig. 
Accordingly, we affirm the judgment as to him.

 

                                                                   STANDING

The doctrine of standing exists to
identify lawsuits that are appropriate for judicial determination.  Concerned
Cmty. Involved Dev., Inc. v. City of Houston, 209 S.W.3d 666, 670 (Tex.
App.CHouston [14th Dist.] 2006, pet.
denied).  Standing is implicit in the concept of subject matter jurisdiction
and, as such, is never presumed and cannot be waived.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993). 
Thus, although none of the parties have addressed Trojacek=s standing on appeal, standing may be
raised for the first time on appeal, even by a court acting sua sponte. 
See id. at 445B46.

An appealing party lacks standing to
complain about errors that do not injuriously affect her, or that merely affect
the rights of others.  Torrington Co. v. Stutzman, 46 S.W.3d 829, 843
(Tex. 2000); Buckholts Indep. Sch. Dist. v. Glaser, 632 S.W.2d 146, 150
(Tex. 1982); Gorman v. Gorman, 966 S.W.2d 858, 864 (Tex. App.CHouston [1st Dist.] 1998, pet.
denied).  Therefore, although Trojacek was a party to the Estate=s lawsuit, her own interests
must be prejudiced before she has standing to appeal.  See Gorman, 966
S.W.2d at 864.








On its face, the judgment does not
expressly grant any relief against Trojacek.  To the contrary, the judgment
specifically recites that she is not responsible for fraud or breach of
fiduciary duty, the only causes of action asserted by the Estate.  Nevertheless,
she raises five issues on appeal, all of which deal with the 333 acres.[2] 
Because she has no rights to that property, however, she is without standing to
challenge a judgment that does not prejudice her interests.[3] 
See id.; Aguirre v. Phillips Props., 111 S.W.3d 328, 335 (Tex.
App.CCorpus Christi 2003, pet. denied)
(finding party lacked standing to appeal summary-judgment order that did not
prejudice its interests).

We consider a party=s standing using the same standard
under which we review subject matter jurisdiction generally.  See Tex. Ass=n of Bus., 852 S.W.2d at 446.  That is, we
will construe Trojacek=s petition in her favor and, to the extent necessary, will
review the entire record to determine if any evidence supports standing.  See
id.  The general test for standing asks whether a case presents a real
controversy between the parties that will be actually determined by the
judicial declaration sought.  See id.  In the context of this case,
then, we must determine whether the pleadings and evidence indicate that
Trojacek has a justiciable interest in the real estate that is the subject of
her issues on appeal.  See Bell v. Ott, 606 S.W.2d 942, 953 (Tex. Civ.
App.CWaco 1980, writ ref=d n.r.e.).  We conclude that she does
not.








The trial court=s judgment specifically rescinds six
deeds concerning 333 acres of land located in Austin County and Colorado
County.  However, under the terms of the previous divorce decree, all of this
acreage was found to be Ludwig=s separate property and not the parties= community property.  Therefore,
Trojacek, who did not appeal the divorce decree, did not have an interest in
the property following the divorce.  See Marburger v. Seminole Pipeline Co.,
957 S.W.2d 82, 89B90 (Tex. App.CHouston [14th Dist.] 1997, pet. denied) (concluding husbands
had no legal interest in wives= separate-property real estate), disapproved of on other
grounds by Hubenak v. San Jacinto Gas Transmission Co., 141 S.W.3d 172
(Tex. 2004).

In fact, in an affidavit, Trojacek
expressly disavows any interest in the acreage:

 

The 333 acres in Austin and Colorado Counties was
confirmed as the separate property of Ronald David Ludwig at page thirty-one
(31) in the Final Decree of Divorce.

. . . .

On the 5th day of August 1993 (13 years ago),
Katherine Marie Trojacek . . . took title to the 333 acres by a Sheriff=s Deed in Austin County and a Sheriff=s Deed in Colorado County.

I have no interest in the above noted acreage.[4]  However I
will protect the interest of Katherine Marie Trojacek and her daughters.

 

 

It appears from the text of her
affidavit, then, that by opposing the Estate=s request for a return of the acreage
at trial and on appeal, Trojacek intended only to represent her relatives= interests, if any, in the acreage. 
However, an appealing party may not complain about errors that merely affect
the rights of others.  See Torrington Co., 46 S.W.3d at 843; Gorman,
966 S.W.2d at 864.  

Trojacek does not have standing to
challenge the judgment on behalf of her sister and nieces.  See Aguirre,
111 S.W.3d at 335.  Accordingly, we dismiss Trojacek=s appeal for lack of subject matter
jurisdiction.  See Harper v. Welchem, Inc., 799 S.W.2d 492, 496 (Tex.
App.CHouston [14th Dist.] 1990, no writ)
(stating that dismissal is the correct disposition upon concluding that a party
lacks standing); Ryder v. State, 917 S.W.2d 503, 505 (Tex. App.CWaco 1996, no writ) (AWe do not have subject matter
jurisdiction over [appellant=s] appeal of the order . . . because she does not have
standing to appeal from it; thus we also dismiss her attempted appeal of that
order for want of jurisdiction.@).

 

 








                     THE COUNTY
COURT=S SUBJECT MATTER JURISDICTION

In his only issue on appeal,[5]
Ludwig contends that the trial court lacked subject matter jurisdiction over
the lawsuit and therefore should have dismissed the suit, sua sponte. 
He argues that the trial court, a statutory county court, lacks jurisdiction
over civil cases in which the amount in controversy, as alleged in the
petition, exceeds $100,000.  See Tex. Gov=t Code Ann. ' 25.0003(c)(1) (Vernon 2004 &
Supp. 2008).  Because the Estate=s pleadings allege an amount in
controversy in excess of $100,000, Ludwig concludes that the trial court=s judgment is void.  We disagree.

A court must have subject matter
jurisdiction before it may decide a case.  See Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 553B54 (Tex. 2000).  If a trial court lacks subject matter
jurisdiction, its judgment is void rather than merely voidable.  Mapco, Inc.
v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding).  Whether
the trial court had subject matter jurisdiction is a question of law that we
review de novo.  Singleton v. Casteel, 267 S.W.3d 547, 550 (Tex.
App.CHouston [14th Dist.] 2008, pet.
denied).  We conclude that, because the trial court was acting under its
probate jurisdiction, and not its civil jurisdiction, the county court had
subject matter jurisdiction to consider the Estate=s lawsuit.








The County Court at Law of Austin
County was created as a statutory county court with jurisdiction as described
in chapter 25 of the Texas Government Code.  See Tex. Gov=t Code Ann. '' 25.0101 (creating Austin County=s County Court at Law), 25.0003
(describing statutory county court=s general jurisdiction), 25.0102
(conferring additional jurisdiction on  Austin County statutory county
courts).  Generally, a statutory county court exercises civil jurisdiction in
civil cases in which the matter in controversy does not exceed $100,000.  See
id. ' 25.0003(c)(1).  

In addition to its civil
jurisdiction, however, a statutory county courtCexcept in counties with statutory
probate courtsCalso has Athe probate jurisdiction provided by general law for county
courts.@  Id. ' 25.0003(d).  Austin County has no
statutory probate court; therefore, its statutory county court exercises
original probate jurisdiction and may Ahear all matters incident to an
estate.@  See id. ' 25.0101; Tex. Prob. Code Ann. ' 5(c), (f) (Vernon Supp. 2008).  

In a statutory county court,
proceedings that are Aincident to an estate@ include Aall claims by or against an estate,
all actions for trial of title to land incident to an estate, . . . all actions
for trial of the right of property incident to an estate, . . . and generally
all matters relating to the settlement, partition, and distribution of estates
of deceased persons.@  Tex. Prob. Code Ann. ' 5A(a) (Vernon 2003); Palmer v.
Coble Wall Trust Co., 851 S.W.2d 178, 182 (Tex. 1992).  Here, the
intervention was a claim by the Estate to recover title to real
property.  Therefore, the intervention is a matter Aincident to an estate.@  See Tex. Prob. Code
Ann. ' 5A(a); Henry v. LaGrone, 842
S.W.2d 324, 327 (Tex. App.CAmarillo 1992, orig. proceeding) (concluding, under similar
statutory definition for guardianship proceedings, that dispute as to title and
ownership of real property was matter Aincident to an estate@).  Accordingly, the monetary
limitations on the Austin County statutory county court at law=s civil jurisdiction does not
limit its probate jurisdiction.  See English v. Cobb, 593 S.W.2d
674, 675 (Tex. 1979) (AThe [$100,000] limitation does not apply to those cases being
tried in the county court under its probate jurisdiction.@); Lee v. Hersey, 223 S.W.3d
439, 444B46 (Tex. App.CAmarillo 2006, pet. denied); Hailey
v. Siglar, 194 S.W.3d 74, 76 (Tex. App.CTexarkana 2006, pet. denied).

Therefore, we overrule Ludwig=s only issue on appeal.

 

 








                                                                CONCLUSION

Accordingly, we dismiss appellant
Theresa Elizabeth Trojacek=s appeal for want of subject matter jurisdiction.  As to
appellant Ronald David Ludwig, we affirm the trial court=s judgment.

 

 

 

/s/        Kent C. Sullivan

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan. 

 

 









[1]           Trojacek attempts to explain this fifteen-year
gap in her first appellate issue, in which she contends that, in October 1992,
the district court dismissed the intervention for want of prosecution because
the Estate=s lawyer failed to appear for trial.  However, because
we hold that Trojacek lacks standing on appeal, we do not address the merits of
this complaint.





[2]           In her first two issues, Trojacek asserts
that the Estate=s interventionCwhich
sought a return of the acreageCwas, or should
have been, dismissed for want of prosecution.  Her third and fourth issues
raise a factual-sufficiency challenge, including an attempt to limit the scope
of our review under the parol-evidence rule, to the trial court=s finding of a confidential relationship between
Ludwig and Kveton.  Finally, in her fifth issue, Trojacek contends that she
deserves a new trial because she has discovered new evidence indicating that
Ludwig gave consideration for the land tracts.





[3]           Arguably, Trojacek might have had standing
to appeal the judgment to the limited extent that it disposed of her
affirmative counterclaims seeking attorney=s
fees against Ludwig and the Estate for allegedly filing frivolous pleadings
under Texas Rule of Civil Procedure 13.  However, even under a liberal
construction of her claims, see Tex. R. App. P. 38.9, we cannot
interpret any of her five appellate issues as challenging the denial of her
counterclaims.





[4]           Emphasis added.





[5]           Ludwig, who is incarcerated and who appears
pro se in this appeal, inserted his two-paragraph appellate Abrief@ in the text of
his notice of appeal, which may be found in the clerk=s record.  For several reasons, that document fails to
comply with the requirements for an appellate brief.  See Tex. R. App.
38.1(a)B(g), (j); see also Tex. R. App. P. 38.9(a)
(permitting courts to order rebriefing in certain cases).  Because we may
fairly decipher the nature of Ludwig=s
complaint, which we find to be without merit, we do not order rebriefing in
this case.  See Tex. Mexican Ry. Co. v. Bouchet, 963 S.W.2d 52, 54B55 (Tex. 1998).