ACCEPTED
05-18-00287-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/5/2018 9:26 AM
LISA MATZ
CLERK



**DALLAS COUNTY**
DISTRICT ATTORNEY
FAITH JOHNSON
Appellate Division

Tuesday, June 05, 2018

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/5/2018 9:26:39 AM
LISA MATZ
Clerk

Ms. Lisa Matz
Clerk of the Court
Court of Appeals, Fifth District of Texas at Dallas
600 Commerce Street, Suite 200
Dallas, Texas 75202

RE:     Cause No. 05-18-00287-CV
        *In the Interest of T.Y., Child*
        Jurisdiction

Dear Ms. Matz,

Please accept this letter as the State's response to the Court's letter dated May 31, 2018 inviting the parties to address whether this Court has jurisdiction in Appellant's cases. Because Appellant does not challenge the termination of her parental rights, she does not have standing to challenge the trial court's decision regarding the placement of T.Y. The Court therefore does not have jurisdiction to reach the merits of Appellant's claim.

Standing is implicit in the concept of subject matter jurisdiction, and subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Appellate courts review standing under the same standard by which subject matter jurisdiction generally is reviewed. *Id.* at 446. Standing concerns whether a party has a sufficient relationship with the lawsuit to have a justiciable interest in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). The standing doctrine requires that there be (1) a real controversy between the parties that (2) will be resolved by the judicial declaration sought. *Id.* at 849. In the absence of standing, a court lacks subject matter jurisdiction to hear the case. *Id.*

In the instant case, Appellant does not challenge the termination of her parental rights to T.Y. (Appellant's Brief, p. 5). An order terminating a parent's rights to a child divests the parent and the child of all legal rights and duties with respect to each other except the child's right to inherit from and through their parent. Tex. Fam. Code Ann. § 161.206(b) (West 2014). Because Appellant does not challenge the termination of her parental rights to T.Y., the trial court's findings are binding on her. See *In re A.G.*, No. 05-16-01207-CV, 2017 WL 655954, at *1 (Tex. App.—Dallas Feb. 17, 12 2017, pet.

denied) (mem. op.); *In re S.M.C.*, No. 07–04–0429–CV, 2005 WL 441538, at *1 (Tex. App.—Amarillo Feb. 25, 2005, no pet.) (mem. op.). Upon termination of the parent–child relationship between Appellant and the children, Appellant lost all legal rights with respect to T.Y. *See* Tex. Fam. Code. Ann. § 161.206(b). As a result, Appellant does not have standing to challenge the trial court's findings concerning appointment of the Department as the children's managing conservator or its subsequent decision to maintain T.Y's placement in a foster home. *See Ryder v. State*, 917 S.W.2d 503, 505 (Tex. App.—Waco 1996, no writ) (holding that mother whose parental rights had been terminated did not have standing to appeal the review hearing's outcome); *see also In re H.M.M.*, 230 S.W.3d 204, 204 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that the appellant did not have standing to challenge order that failed to grant grandfather sole custody of minor because she lost all legal interest in child when she did not appeal order terminating her parental rights).

In conclusion, this Court should dismiss Appellant's sole issue on appeal as she lacks standing. However, should the Court decide to address the merits of Appellant's claims, the State's response to her claim is addressed in its reply brief.

Sincerely,

Russell J. Anderson, Jr.
Assistant District Attorney
State Bar No. 24094349
Frank Crowley Courts Building
133 N. Riverfront Boulevard, LB-19
Dallas, Texas 75207-4399
(214) 653-3600 | (214) 653-3643 *fax*
russell.anderson@dallascounty.org

CC: Ray Chappelle, Attorney for Appellant
    via electronic service to
    ray.chappelle@gmail.com