230 S.W.3d 204 (2006)
In the Interest of H.M.M., A Child.
No. 14-05-00559-CV.
Court of Appeals of Texas, Houston (14th Dist.).
June 6, 2006.
Earl L. Pryor, for appellant.
John Brick, Cecilia Patrice Savage, Dist. Atty., Longview, for appellee.
Leslie G. Hardy, for ad litem.
Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

OPINION
ADELE HEDGES, Chief Justice.
Appellant Lashawn Mays, the biological mother of H.M.M., appeals the trial court's failure to grant sole custody to her father after it terminated her parental rights and ordered that H.M.M. remain in the custody of Child Protective Services. Because appellant has no standing to challenge the trial court's order, we affirm.
Section 161.206(b) of the Texas Family Code states:
[A]n order terminating the parent-child relationship divests the parent and the child of all legal rights and duties with respect to each other, except that the child retains the right to inherit from and through the parent unless the court otherwise provides.
TEX. FAM.CODE ANN. § 161.206(b) (Vernon 2003). Mays did not appeal the termination of her parental rights. Therefore, Mays has no legal interest in H.M.M. and lacks standing to appeal the trial court's order. Ryder v. State, 917 S.W.2d 503, 505 (Tex.App.-Waco 1996, no writ) (holding that mother whose parental rights had been terminated did not have standing to appeal the review hearing's outcome); Glover v. Moore, 536 S.W.2d 78, 79-80 (Tex. App.-Eastland 1976, no writ) (holding that mother who sought managing conservatorship of child after her parental rights were terminated had no justiciable interest in the subject matter in litigation); see also Durham v. Barrow, 600 S.W.2d 756, 760 (Tex.1980) (noting that mother whose parental rights had been terminated had standing to attack the termination decree but lacked standing to bring a bill of review as a party to the child's adoption if the termination decree was valid); In re Lambert, 993 S.W.2d 123, 132 (Tex.App.-San Antonio 1999, orig. proceeding) (stating in adoption matter that "[f]ormer parents do not have standing to invoke the trial court's continuing jurisdiction over managing conservatorship issues"); In re S.M.C., No. 07-04-0429-CV, 2005 WL 441538, at *1 (Tex.App.-Amarillo Feb. 25, *205 2005, no pet.) (not designated for publication) (holding that mother who did not appeal the termination of her parental rights lacked standing to appeal portions of the final order appointing the child's father and his wife as managing conservators).
Because Mays has no standing to challenge the trial court's order, we have no subject matter jurisdiction over her appeal. See Ryder, 917 S.W.2d at 505 (holding that appellate court lacked subject matter jurisdiction because mother lacked standing); see generally Tex. Assn. of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex.1993) (explaining that standing is a non-waivable component of subject matter jurisdiction that can be raised sua sponte by the court). Accordingly, we affirm the trial court's judgment.