NO. 07-08-0084-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 13, 2009

_____

IN THE INTEREST OF R.A., JR., M.A., R.A., III, A.A., AND M.A, CHILDREN

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-533,896; HONORABLE WILLIAM SOWDER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, R.A.,[1] is the father of five children, three boys, R.A., Jr., R.A., III, and A.A., and two girls, M.A.#1 and M.A.#2, each of whom are the subject of this proceeding. On January 31, 2008, the trial court entered an order terminating R.A.'s parental rights as to the two girls and appointing the Department of Family and Protective Services (hereinafter the "Department") and the Intervenors, J.G. and A.G., (hereinafter the

_____

[1]*See* Tex. Fam. Code Ann. § 109.002(d) (Vernon 2002); Tex. R. App. P. 9.8(b)(1).

"Intervenors") as Joint Managing Conservators of both girls. As to the three boys, the order further appointed the Department as the Sole Managing Conservator, did not appoint R.A. as a Possessory Conservator, and denied R.A. any possession or access to the boys. Presenting two issues, R.A. appeals that order maintaining (1) Intervenors' *Petition in Intervention for Conservatorship* should have been dismissed and (2) the Intervenors lacked standing as to his oldest daughter because she had only been in their home for thirty-nine days when they filed their *First Supplemental Petition in Intervention for Conservatorship*. We affirm.

## Background Facts

R.A. and T.J.P. were married for nine years and are the parents of the five children the subject of this proceeding. In February of 2006, after R.A. was incarcerated for domestic violence committed against T.J.P., the Department initiated an investigation into the circumstances surrounding the children. Later that year, the Department discovered that T.J.P. had a drug problem and removed all five children from her care. The children were taken into the Department's care because neither T.J.P. nor R.A. had relatives who were suitable candidates to care for the children. The children were placed in different foster homes.

M.A.#2, the youngest daughter, was placed in the foster care of the Intervenors. M.A.#1, the older daughter, was placed in the foster care of the Intervenors at a later date.

The boys, who were aggressive, defiant, and experienced behavioral problems, remained in the Department's care.

Originally, the Department filed suit seeking conservatorship of the children and termination of R.A. and T.J.P.'s parental rights as to all their children. The Department later nonsuited the termination proceeding as to the three boys and instead sought only to be appointed permanent sole managing conservator of the boys. T.J.P. signed an affidavit of relinquishment as to her two daughters so they could be adopted by their foster parents, who had by then intervened in the termination suit.

Following presentation of evidence and testimony at the final hearing, the trial court ordered that, as to the girls, both parents' parental rights be terminated and the Department and Intervenors be appointed joint managing conservators. The court further ordered that, as to the three boys, the Department was appointed as their sole managing conservator, T.J.P. was appointed possessory conservator, and R.A. was denied any type of conservatorship, possession, or access.

**Discussion**

By his first issue, R.A. maintains that the Intervenors' *Petition in Intervention for Conservatorship* should have been dismissed because (1) the petition did not allege any facts to support standing, and (2) "satisfactory proof" to authorize the court to grant leave to intervene was not received by the trial court until the final hearing, in contravention of

3

the provisions of § 102.004(b) of the Texas Family Code.  By his second issue R.A. maintains the Intervenors lacked standing as to his oldest daughter because she had only been in their home for thirty-nine days when they filed their *First Supplemental Petition in Intervention for Conservatorship* and therefore they lacked "substantial past contact"[2] with her.  The Department asserts that R.A. lacks standing to assert his contentions because he does not contest termination of his parental rights.  We agree with the Department.

"[A]n order terminating the parent-child relationship divests the parent and the child of all legal rights and duties with respect to each other," except for the child's right to inherit.  *See* Tex. Fam. Code Ann. § 161.206(b) (Vernon Supp. 2008).  By failing to appeal the trial court's termination findings, R.A. is bound by them.  The consequence of not challenging the termination of his parental rights is that R.A. became a former parent with no legal rights with respect to M.A.#1 and M.A.#2.  Therefore, he has no standing to complain of the foster parents' intervention in the termination suit.  *See In re S.M.C. and D.D.C.*, No. 07-04-00429-CV, 2005 WL 441538, at *1 (Tex.App.–Amarillo Feb. 25, 2005, no pet.) (not designated for publication) (holding that mother who did not appeal termination findings lacked standing to appeal conservatorship issues).  *See also In re H.M.M.*, 230 S.W.3d 204, 204-05 (Tex.App.–Houston [14th Dist.] 2006, no pet.)(holding that mother did not have standing to appeal post-termination custody decision when she did not appeal the termination of her parental rights).

---

[2]*See In re C.M.C.*, 192 S.W.3d 866, 872 (Tex.App.–Texarkana 2006, no pet.)

4

Moreover, irrespective of the Intervenors' right to intervene into this proceeding, the trial court has authority to appoint a suitable, competent adult as managing conservator of a child upon termination of the parent-child relationship. *See* Tex. Fam. Code Ann. § 161.207(a) (Vernon 2002). The evidence presented demonstrated that the foster parents were suitable, competent, and that M.A.#1 and M.A.#2 had bonded with them. R.A.'s two issues are overruled.

Accordingly, the trial court's order is affirmed.

Patrick A. Pirtle
Justice