NO. 07-08-0084-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO
 
PANEL C
 
JANUARY 13, 2009

______________________________


IN THE INTEREST OF R.A., JR., M.A., R.A., III, A.A., AND M.A, CHILDREN 

_________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-533,896; HONORABLE WILLIAM SOWDER, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, R.A.,


 is the father of five children, three boys, R.A., Jr., R.A., III, and
A.A., and two girls, M.A.#1 and M.A.#2, each of whom are the subject of this proceeding. 
On January 31, 2008, the trial court entered an order terminating R.A.’s parental rights as
to the two girls and appointing the Department of Family and Protective Services
(hereinafter the “Department”) and the Intervenors, J.G. and A.G., (hereinafter the
“Intervenors”) as Joint Managing Conservators of both girls. As to the three boys, the order
further appointed the Department as the Sole Managing Conservator, did not appoint R.A.
as a Possessory Conservator, and denied R.A. any possession or access to the boys. 
Presenting two issues, R.A. appeals that order maintaining (1) Intervenors’ Petition in
Intervention for Conservatorship should have been dismissed and (2) the Intervenors
lacked standing as to his oldest daughter because she had only been in their home for
thirty-nine days when they filed their First Supplemental Petition in Intervention for
Conservatorship. We affirm.
Background Facts
          R.A. and T.J.P. were married for nine years and are the parents of the five children
the subject of this proceeding. In February of 2006, after R.A. was incarcerated for
domestic violence committed against T.J.P., the Department initiated an investigation into
the circumstances surrounding the children. Later that year, the Department discovered
that T.J.P. had a drug problem and removed all five children from her care. The children
were taken into the Department’s care because neither T.J.P. nor R.A. had relatives who
were suitable candidates to care for the children. The children were placed in different
foster homes.
          M.A.#2, the youngest daughter, was placed in the foster care of the Intervenors.
M.A.#1, the older daughter, was placed in the foster care of the Intervenors at a later date. 
The boys, who were aggressive, defiant, and experienced behavioral problems, remained
in the Department’s care.
          Originally, the Department filed suit seeking conservatorship of the children and
termination of R.A. and T.J.P.’s parental rights as to all their children. The Department
later nonsuited the termination proceeding as to the three boys and instead sought only
to be appointed permanent sole managing conservator of the boys. T.J.P. signed an
affidavit of relinquishment as to her two daughters so they could be adopted by their foster
parents, who had by then intervened in the termination suit.
          Following presentation of evidence and testimony at the final hearing, the trial court
ordered that, as to the girls, both parents’ parental rights be terminated and the
Department and Intervenors be appointed joint managing conservators. The court further
ordered that, as to the three boys, the Department was appointed as their sole managing
conservator, T.J.P. was appointed possessory conservator, and R.A. was denied any type
of conservatorship, possession, or access.
Discussion
          By his first issue, R.A. maintains that the Intervenors’ Petition in Intervention for
Conservatorship should have been dismissed because (1) the petition did not allege any
facts to support standing, and (2) “satisfactory proof” to authorize the court to grant leave
to intervene was not received by the trial court until the final hearing, in contravention of
the provisions of § 102.004(b) of the Texas Family Code. By his second issue R.A.
maintains the Intervenors lacked standing as to his oldest daughter because she had only
been in their home for thirty-nine days when they filed their First Supplemental Petition in
Intervention for Conservatorship and therefore they lacked “substantial past contact”


 with
her. The Department asserts that R.A. lacks standing to assert his contentions because
he does not contest termination of his parental rights. We agree with the Department. 
          “[A]n order terminating the parent-child relationship divests the parent and the child
of all legal rights and duties with respect to each other,” except for the child’s right to
inherit. See Tex. Fam. Code Ann. § 161.206(b) (Vernon Supp. 2008). By failing to appeal
the trial court’s termination findings, R.A. is bound by them. The consequence of not
challenging the termination of his parental rights is that R.A. became a former parent with
no legal rights with respect to M.A.#1 and M.A.#2. Therefore, he has no standing to
complain of the foster parents’ intervention in the termination suit. See In re S.M.C. and
D.D.C., No. 07-04-00429-CV, 2005 WL 441538, at *1 (Tex.App.–Amarillo Feb. 25, 2005,
no pet.) (not designated for publication) (holding that mother who did not appeal
termination findings lacked standing to appeal conservatorship issues). See also In re
H.M.M., 230 S.W.3d 204, 204-05 (Tex.App.–Houston [14th Dist.] 2006, no pet.)(holding
that mother did not have standing to appeal post-termination custody decision when she
did not appeal the termination of her parental rights). 
          Moreover, irrespective of the Intervenors’ right to intervene into this proceeding, the
trial court has authority to appoint a suitable, competent adult as managing conservator of
a child upon termination of the parent-child relationship. See Tex. Fam. Code Ann. §
161.207(a) (Vernon 2002). The evidence presented demonstrated that the foster parents
were suitable, competent, and that M.A.#1 and M.A.#2 had bonded with them. R.A.’s two
issues are overruled.
          Accordingly, the trial court’s order is affirmed.


                                                                           Patrick A. Pirtle

                                                                                 Justice