

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-09-00076-CV

**IN THE INTEREST OF A.S., A CHILD,**

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. CVPC-07-37926**

## MEMORANDUM OPINION

Following a bench trial, the court signed an order terminating the parental rights of Tashawna and Antoine to their daughter A.S. Tashawna and Antoine both appeal. We will affirm the termination order.

The natural right that exists between parents and their children is one of constitutional dimension. *In re J.W.T.,* 872 S.W.2d 189, 194-95 (Tex. 1994). A parent's right to "the companionship, care, custody and management" of his or her children is a constitutional interest "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982) (quoting *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972)). Therefore, in a case terminating parental rights, the proceedings are strictly scrutinized, and the involuntary

termination statutes are strictly construed in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985).

Termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by "clear and convincing evidence." *Spangler v. Tex. Dep't of Prot. & Reg. Servs.*, 962 S.W.2d 253, 256 (Tex. App.—Waco 1998, no pet.). This standard is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* In a proceeding to terminate the parent-child relationship brought under section 161.001 of the Texas Family Code, the movant must establish by clear and convincing evidence two elements: (1) one or more acts or omissions enumerated under subsection (1) of section 161.001 (termed a predicate violation); and (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (Vernon 2009); *Swate v. Swate*, 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet. denied). The factfinder must find that both elements are established by clear and convincing evidence, and proof of one element does not relieve the petitioner of the burden of proving the other. *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976); *Swate*, 72 S.W.3d at 766.

### Tashawna's Issues

The trial court found two predicate violations under section 161.001(1) for Tashawna: (1) that she engaged in conduct or knowingly placed A.S. with persons who engaged in conduct that endangered the physical or emotional well-being of the child (*see* TEX. FAM. CODE ANN. § 161.001(1)(E)); and (2) that she knowingly engaged in

criminal conduct that resulted in her conviction of an offense and confinement or imprisonment and inability to care for A.S. for not less than two years from the date of filing the petition. *See id.* § 161.001(1)(Q). In two issues, Tashawna challenges the legal and factual sufficiency of the evidence to support these findings.

Both legal and factual sufficiency reviews in termination cases must take into consideration whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the matter on which the petitioner bears the burden of proof. *In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (discussing legal sufficiency review); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (discussing factual sufficiency review).

> In a legal sufficiency review, a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible.

*J.F.C.*, 96 S.W.3d at 266.

In conducting a factual sufficiency review, "a court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id.*

> [T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed

evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*Id.* at 266-67 (footnotes and citations omitted).

We begin by addressing Tashawna's challenge to the legal and factual sufficiency of the evidence to support the court's finding under subsection 161.001(1)(E). Subsection E states that the court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child. TEX. FAM. CODE ANN. § 161.001(1)(E).

To endanger means to expose to loss or injury, to jeopardize. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *see also In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996). Under subsection E, the relevant inquiry is whether there was evidence presented that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re K.A.S.*, 131 S.W.3d 215, 222 (Tex. App.—Fort Worth 2004, pet. denied); *Dupree v. Tex. Dep't of Prot. & Reg. Servs.*, 907 S.W.2d 81, 83-84 (Tex. App.—Dallas 1995, no writ). Termination under subsection E must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re S.A.P.*, 169

S.W.3d 685, 702 (Tex. App.—Waco 2005, no pet.); *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.).

While "endanger" means more than a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment, it is not necessary that the parent's conduct be directed at the child or that the child actually suffers injury. *Boyd*, 727 S.W.2d at 533. Endangerment may include what a parent does both before and after birth of a child. *In re U.P.*, 105 S.W.3d 222, 234 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *accord Avery v. State*, 963 S.W.2d 550, 553 (Tex. App.—Houston [1st Dist.] 1997, no writ).

In this case, Tashawna testified that on February 25, 2007, she, Antoine, and another of their children came to Texas from California. At that time, there was an open CPS case in California, and CPS in California was attempting to locate Tashawna. On March 24, 2007, the child was killed in Texas. Antoine pleaded guilty to the murder of the child and was sentenced to life in prison. Tashawna was convicted of the offense of injury to a child in connection with the child's death and was assessed a punishment of thirty years' imprisonment. On December 13, 2007, approximately two months before her conviction, Tashawna was taken from jail to the hospital, where she gave birth to A.S. A.S. was immediately removed from Tashawna's care at the hospital.

Tashawna argues that the evidence is legally and factually insufficient to support the court's finding under subsection E because the death of her other child was a single incident, rather than a course of conduct that endangered the well-being of A.S. However, the above evidence is legally and factually sufficient for a reasonable

factfinder to form a "firm belief or conviction" that Tashawna engaged not just in a single act or omission that endangered A.S.'s physical or emotional well-being, but in a course of conduct that endangered A.S.'s physical or emotional well-being.

While mere imprisonment, standing alone, does not constitute conduct endangering the emotional or physical well-being of a child, it may contribute to a finding that the parent engaged in a course of conduct endangering the child and supports termination of parental rights under subsection E. *Boyd*, 727 S.W.2d at 533-34. Furthermore, although Tashawna complains in her brief that there was no testimony at the hearing that A.S. had been conceived at the time of the other child's death, she acknowledges that there is evidence that A.S. was born only eight months and nineteen days after the death of the other child. A parent's conduct with regard to other children can be used to support a finding of endangerment even against a child who was not yet born at the time of the conduct. *In re D.T.*, 34 S.W.3d 625, 636-37 (Tex. App.—Fort Worth 2000, pet. denied); *see Clark v. Clark*, 705 S.W.2d 218, 219 (Tex. App.—Dallas 1985, writ dism'd) (father's conduct in killing stepdaughter before conception of child considered as evidence of conduct which endangered the physical or emotional well-being of child). Thus, we overrule Tashawna's first issue.

Because only one predicate violation under section 161.001(1) is necessary to support a termination judgment, we need not address Tashawna's second issue. *See* Tex. R. App. P. 47.1; *In re T.N.F.*, 205 S.W.3d 625, 629 (Tex. App.—Waco 2006, pet. denied).

**Antoine's Issue**

In his sole issue, Antoine contends that the trial court erred in appointing the Department of Family and Protective Services (DFPS) as permanent managing conservator of A.S. when a qualified relative was willing and able to care for the child. However, Antoine lacks standing to assert this complaint because he does not contest the termination of his parental rights.

Because Antoine did not appeal the trial court's findings terminating his parental relationship with A.S., he is bound by those findings. Antoine has thus become a former parent with no legal rights with respect to A.S. *See* TEX. FAM. CODE ANN. § 161.206(b) (Vernon 2009) ("[A]n order terminating the parent-child relationship divests the parent and the child of all legal rights and duties with respect to each other, except that the child retains the right to inherit from and through the parent unless the court otherwise provides."). Having no legal rights with respect to A.S., Antoine has no standing to attack that portion of the termination order appointing DFPS as permanent managing conservator of A.S. *See In re H.M.M.*, 230 S.W.3d 204, 204-05 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding mother did not have standing to appeal post-termination custody decision when she did not appeal the termination of her parental rights); *see also In re R.A.*, No. 07-08-0084-CV, 2009 WL 77853, at *2 (Tex. App.—Amarillo Jan. 13, 2009, no pet.) (mem. op.); *In re S.M.C.*, No. 07-04-0429-CV, 2005 WL 441538, at *1 (Tex. App.—Amarillo Feb. 25, 2005, no pet.) (mem. op.). We overrule Antoine's sole issue.

## Conclusion

We affirm the termination order.


                                   REX D. DAVIS
                                   Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
        (Chief Justice Gray concurs in the Court's judgment to the extent it affirms the trial court's judgment.  He does not join the opinion, and disagrees with the statement that Section 161.001(1)(E) must, in all cases, be based on more than a single act or omission.  I could imagine single acts sufficient for termination.  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed October 28, 2009
[CV06]