**DISMISS; and Opinion Filed February 17, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01207-CV

### IN THE INTEREST OF A.G., A CHILD

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 14-1176-W**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

In this suit affecting the parent–child relationship, a jury found that Mother's parental rights to A.G. should be terminated and that Foster Mom should be named primary managing conservator of A.G. instead of Mother's cousin. The trial court rendered judgment according to the jury's verdict. *See* TEX. FAM. CODE ANN. § 105.002(c) (West 2015) (trial court may not contravene jury verdict on issue of appointment of managing conservator).

Mother does not appeal the termination of her parental rights, but she appeals the jury's finding that it was in A.G.'s best interest to appoint Foster Mom, not Mother's cousin, as managing conservator of A.G. We conclude that Mother lacks standing to challenge the jury's findings regarding conservatorship.

An order terminating a parent's rights to a child divests the parent and the child of all legal rights and duties with respect to each other except the child's right to inherit from and through her parent. *Id*. § 161.206(b) (West 2014). Mother does not appeal the jury's

determination that her parental rights should be terminated. Consequently, those findings are binding on her. *See In re S.M.C.*, No. 07-04-0429-CV, 2005 WL 441538, at *1 (Tex. App.—Amarillo Feb. 25, 2005, no pet.) (mem. op.). Upon termination of the parent–child relationship between Mother and A.G., Mother lost all legal right with respect to A.G. As a result, Mother does not have standing to challenge the jury's findings concerning appointment of Foster Mom as A.G.'s managing conservator. *Id.*; *see also In re H.M.M.*, 230 S.W.3d 204, 204 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (mother did not have standing to challenge order that failed to grant grandfather sole custody of minor because she lost all legal interest in child when she did not appeal order terminating her parental rights). And Mother's cousin does not appeal the jury's findings against her.

Because Mother does not have standing to challenge the appointment of A.G.'s managing conservator, we do not have subject-matter jurisdiction over her claim. Accordingly, we dismiss the appeal.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

161207F.P05

–2–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.G., A CHILD,

No. 05-16-01207-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas

Trial Court Cause No. 14-1176-W.

Opinion delivered by Justice Lang-Miers.

Justices Bridges and Whitehill participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 17th day of February, 2017.