# NO. 12-16-00248-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF K.B.B.,* | § | *APPEAL FROM THE* |
| *A CHILD* | § | *COUNTY COURT AT LAW NO. 2* |
| | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

D.L.B. appeals the termination of his parental rights and adoption of the child. On appeal, he presents fifteen issues. We dismiss for want of jurisdiction in part and affirm in part.

## BACKGROUND

D.L.B. is the father of K.B.B.[1] On February 24, 2015, K.B.B.'s paternal grandmother and step-grandfather filed an original petition for termination of D.L.B.'s parental rights and adoption of the child. D.L.B. filed an original answer in April 2015, and filed another original answer, request for appointment of an attorney ad litem, and motion for issuance of a bench warrant in November 2015.

At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that D.L.B. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (B), (C), (D), and (Q) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between D.L.B. and K.B.B. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between D.L.B. and K.B.B. be terminated. On

---

[1] The trial court found that the mother of the child, T.N., had engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (B), (C), (D), and (F) of Texas Family Code Section 161.001(b)(1), found that termination between T.N. and the child was in the child's best interest, and ordered that the parent-child relationship between T.N. and the child be terminated. The mother is not a party to this appeal.

August 22, 2016, the trial court granted the adoption of K.B.B. by his paternal grandmother and step-grandfather. On September 23, 2016, D.L.B. timely filed a restricted appeal regarding the order of termination, and a notice of appeal regarding the order of adoption.

RESTRICTED APPEAL

In issues one through ten, and twelve through fifteen, D.L.B. challenges the trial court's termination order. We must first determine whether D.L.B. is entitled to a restricted appeal regarding the order terminating his parental rights to K.B.B.

## Applicable Law

To prevail on his restricted appeal, D.L.B. must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed, (2) he was a party to the underlying lawsuit, (3) he did not participate either in person or through counsel in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.). Each element of a restricted appeal is mandatory and jurisdictional. *Ibarra v. City of Laredo*, Nos. 04-11-00035-CV, 04-11-00037-CV, 2012 WL 3025709, *4 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op.) (citing *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995, no writ)).

The face of the record for purposes of a restricted appeal consists of all the papers on file before the judgment as well as the reporter's record. *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Lewis v. Ramirez*, 49 S.W.3d 561, 564 (Tex. App.—Corpus Christi 2001, no pet.). Further, evidence not before the trial court prior to final judgment is beyond the scope of review in a restricted appeal and may not be considered. *Diaz v. Multi Serv. Tech. Sols. Corp.*, No. 05-14-00032-CV, 2014 WL 5768714, at *2 (Tex. App.—Dallas Nov. 6, 2014, no pet.) (mem. op.) (citing *Alexander*, 134 S.W.3d at 848-49).

## Analysis

To be entitled to pursue a restricted appeal, D.L.B. must first establish that he filed notice of the restricted appeal within six months after the judgment was signed. *See* TEX. R. APP. P.

26.1(c). The judgment at issue is the order of termination which was signed on May 11, 2016. D.L.B. filed his amended notice of appeal on September 23, 2016, within the six month time limit. *See id.*

Next, D.L.B. must show that he was a party to the underlying lawsuit. The record shows that he was named as the father and respondent in the lawsuit to terminate his parental rights. Thus, he has also established the second prong of a restricted appeal. *See Alexander*, 134 S.W.3d at 848.

In the third prong of a restricted appeal, D.L.B. must establish that he did not participate either in person or through counsel in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law. *See id.* In his amended notice of appeal, D.L.B. stated that he did not participate either in person or through counsel in the hearing to terminate his parental rights. However, the record shows that D.L.B. appeared by telephone in the final hearing to terminate his parental rights. At that hearing, he made an opening statement to the court, objected to evidence and testimony, questioned one witness, answered questions posed by opposing counsel and the child's ad litem, testified on his own behalf, and made a closing statement. Because D.L.B. was present, testified, and questioned a witness, we conclude that he participated in the hearing that resulted in the termination order. *See Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996) (stating that question is whether appellant participated in decision-making event that resulted in judgment).

D.L.B. also stated that he did not timely file any postjudgment motions or requests for findings of fact and conclusions of law. However, the record shows that he filed an "object[tion] to the court proceedings" on May 16, 2016, five days after the order of termination was signed. This pleading objected to the hearing on the motion to enter judgment, to the trial court holding court hearings and/or court proceedings pertaining to K.B.B., and to the petitioners and their attorney having hearings and/or court proceedings regarding the child. D.L.B. also objected to the appointment of an attorney ad litem for the child and stated that he refused to consent for the attorney ad litem to represent the child. Finally, he stated that the child is a minor, that he is the only person with the legal right to proceed in any legal matter concerning the child, and that he "reserve[ed]" his rights to the child "in accordance with the law." Because we construe this filing as a motion for new trial, we conclude that D.L.B. timely filed a postjudgment motion. *See*

***In re Piatt Servs. Int'l, Inc.***, 493 S.W.3d 276, 282 (Tex. App.—Austin 2016, orig. proceeding) (stating that motion for new trial seeks relief from judgment already formed). Thus, we find that D.L.B. did not establish the third prong of a restricted appeal. *See **Alexander***, 134 S.W.3d at 848.

In the final prong of a restricted appeal, D.L.B. must establish that error is apparent on the face of the record. *See **id.*** Most of the issues presented in his brief concern legal or factual sufficiency of the evidence, such as sufficiency of the evidence to support termination, the credibility of the witness's testimony, the admission of evidence, and the responsibilities of the child's ad litem, petitioner's attorney, and trial court. None of these arguments establish error on the face of the record. *See **id.***; *see also **Diaz***, 2014 WL 5768714, at *2. However, D.L.B. also argues that he was denied counsel, did not receive notice of the final hearing, and was not allowed to appear through a bench warrant or teleconference at the final hearing. He also argues that the trial court did not make a legal valid record of the final hearing.

We first note that no statutory right exists to appointed counsel in a private termination suit. ***In re J.C.***, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied). The legislature has mandated the appointment of counsel for indigent parents in a termination suit only "in a suit filed by a governmental entity in which termination of the parent-child relationship is sought." *Compare* TEX. FAM. CODE ANN. §§ 107.001(1), .015(a), (b), .021 (West Supp. 2016) (appearing to permit, in a private termination suit, permissive appointment of an attorney ad litem for a parent and payment of such attorney ad litem "by one or more of the parties") *with* § 107.013(a)(1) (West Supp. 2016) (mandating appointment of attorney ad litem for an indigent parent in a termination suit filed by a governmental entity); *see also generally **Lassiter v. Dept. of Social Servs.***, 452 U.S. 18, 101 S. Ct. 2153, 68 L.Ed.2d 640 (1981). Therefore, D.L.B. was not entitled to appointed counsel.

D.L.B. also complained that he did not receive notice of the final hearing on the termination suit. The record shows that the final hearing was set for April 5, 2016 and the petitioner's attorney certified that he sent a copy of the notice to D.L.B. on February 11, 2016. Moreover, D.L.B. sent a letter to the court on March 18, 2016, acknowledging the date of the final hearing, but stating that (1) he did not agree to the final hearing concerning his child or to a termination of his parental rights, and (2) he did not consent to the trial court holding any hearing concerning his child in his absence and without representation of counsel. He stated that he

4

wanted a continuance because he could "be released [from prison] at any time." D.L.B. was also sent a copy of the notice resetting the final hearing. Thus, the record shows that D.L.B. received notice of the final hearing. *See Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 482 (Tex. App.—Fort Worth 2014, pet. denied) (stating that due process satisfied when notice affords opportunity to appear and defend one's interests).

Regarding D.L.B.'s argument that he was not allowed to appear by bench warrant or teleconference, he cites Rule 199.1(b) of the Texas Rules of Civil Procedure for the proposition that a telephone may only be used if the witness is placed under oath by a person who is present with the witness. However, Rule 199.1(b) concerns alternative methods of taking depositions, not the conduct of a trial. *See* TEX. R. CIV. P. 199.1(b). A trial court is obligated to allow a respondent parent to participate in some meaningful manner, but not in any particular manner. *See Larson v. Giesenschlag*, 368 S.W.3d 792, 798 (Tex. App.—Austin 2012, no pet.); *In re Marriage of Daugherty*, 42 S.W.3d 331, 336 (Tex. App.—Texarkana 2001, no pet.). A trial court may choose any method that will give a respondent father the opportunity to participate in some way in the trial, such as by conference call, affidavit, deposition, or some other reasonable means. *See In re Marriage of Daugherty*, 42 S.W.3d at 336; *In re T.L.B.*, No. 07-07-00349-CV, 2008 WL 5245905, at *3-4 (Tex. App.—Amarillo Dec. 17, 2008, no pet.) (mem. op.). The determination of the means is within the trial court's sound discretion. *In re T.L.B.*, 2008 WL 5245905, at *4. Because D.L.B. was allowed to participate by telephone in the final hearing, we cannot say that the trial court erred by refusing to allow him to appear by bench warrant or teleconference.

Finally, D.L.B. argues that the trial court erred because the trial testimony was not recorded by videotape and thus, was not a "valid legal record." He cites Section 14.008 of the Texas Civil Practices and Remedies Code which provides that a hearing conducted under this section by video communications technology shall be recorded on videotape. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.008(b) (West 2002). Chapter 14 applies to a suit brought by an inmate, but does not apply to an action brought under the Family Code. Thus, Section 14.008 does not apply to this case. *See id.* Moreover, a trial may be videotaped only by an agreement of the parties. TEX. R. CIV. P. 264. Here, there was no agreement to videotape the hearing; instead, the court reporter transcribed the final termination hearing and filed the transcription with this court.

Under these circumstances, we conclude that D.L.B. had no statutory right to appointed counsel, received notice of the final hearing, appeared and participated at the final termination hearing by telephone, and the hearing was properly transcribed. Thus, he has failed to show that error was apparent on the face of the record.

Because D.L.B. did not satisfy all four of the requirements necessary to obtain relief through a restricted appeal of the order of termination, we overrule issues one through ten, and twelve through fifteen. We dismiss the appeal of the termination order for lack of jurisdiction. *See Alexander*, 134 S.W.3d at 848; *Ibarra*, 2012 WL 3025709, at *4.


## ORDER OF ADOPTION

In issue eleven, D.L.B. appeals the order granting the adoption of K.B.B. by the child's grandmother and step-grandfather. He argues that his parental rights were unlawfully terminated and thus, the adoption was invalid. He also contends that the adoptive parents were too old to adopt K.B.B., and that he was denied notice of, and appearance at, the adoption hearing.

We have concluded that D.L.B.'s restricted appeal fails, and the order of termination is valid. Since the termination decree is valid, D.L.B. no longer has legal interests in K.B.B. and lacks standing to appeal the trial court's adoption order. An order terminating the parent-child relationship divests the parent and the child of all legal rights and duties with respect to each other. TEX. FAM. CODE ANN. § 161.206(b) (West Supp. 2016). Once the trial court terminates a parent's rights to a child, the parent no longer has standing as a party in a subsequent custody or adoption proceeding. *See Durham v. Barrow*, 600 S.W.2d 756, 760-61 (Tex. 1980) (concluding that if a termination judgment is valid, then the biological parent, whose rights were terminated, does not have standing to bring a bill of review as a party to an adoption); *In re H.M.M.*, 230 S.W.3d 204, 204 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that on termination of her parental rights, the mother was divested of all legal rights to the child and therefore lacked standing to appeal the trial court's custody order); *Ryder v. State*, 917 S.W.2d 503, 505 (Tex. App.—Waco 1996, no writ) (concluding that a mother whose parental rights had been terminated did not have standing to appeal the review hearing's outcome regarding the children's placement in foster care); *In re McAda*, 780 S.W.2d 307, 312 (Tex. App.—Amarillo 1989, writ denied) (holding that a parent whose relationship to a child has been terminated could not be a party to any subsequent adoption proceeding as she had no further justifiable interest in the child).

Once the trial court validly terminated D.L.B.'s parental rights by court order, D.L.B. had no further justifiable interest in the child and was not a party to the adoption suit. Because D.L.B. has no standing to challenge the trial court's order of adoption, we overrule issue eleven.

## DISPOSITION

Having concluded that D.L.B. failed to meet all of the jurisdictional requirements for a restricted appeal, we *dismiss* his appeal regarding the order of termination *for want of jurisdiction*. Moreover, having overruled D.L.B.'s issue regarding the order of adoption, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 1, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 1, 2017**

**NO. 12-16-00248-CV**

**IN THE INTEREST OF K.B.B., A CHILD,**

Appeal from the County Court at Law No 2
of Smith County, Texas (Tr.Ct.No. 15-0421-F)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that D.L.B.'s appeal regarding the order of termination is **dismissed for want of jurisdiction**. Further, the trial court's judgment regarding the order of adoption be in all things **affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*