**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00366-CV**
_____

**IN THE INTEREST OF K.S. AND K.S.**

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 19-03-03578-CV**

**MEMORANDUM OPINION**

Following a bench trial, the trial court terminated Mother's parental rights to her children, "Kim" and "Karson" based on Texas Family Code subsections 161.001(b)(1)(D), (E), and (O) and a finding that termination was in Kim and Karson's best interest. *See* Tex. Family Code Ann. § 161.001(b)(1)(D), (E), and (O),

1

(b)(2).[1, 2] The trial court also appointed the Department of Family and Protective Services ("the Department") as permanent managing conservator for both children. In one issue, Mother challenges the trial court's conservatorship decision and complains the trial court erred by refusing to consider Mother's grandmother as a conservator. Specifically, Mother asks, "Did the trial court err by declining to consider maternal great-grandmother as managing conservator due to the court's unfounded belief that a non-party relative could not be appointed as conservator?" We dismiss Mother's appeal.

"[A]n order terminating a parent's rights to a child divests the parent and child of all legal rights and duties[.]" *Id.* § 161.206(b). Mother does not appeal the trial court's findings regarding the grounds for termination or its finding that termination of the parent-child relationship is in Kim's and Karson's best interest. *See id.* § 161.001(b)(1)–(2). Therefore, these findings are binding on Mother. *See In re A.M.*, No. 02-21-00313-CV, 2022 WL 325473, at *3 (Tex. App.—Fort Worth Feb. 3, 2022, no pet.) (mem. op.) (explaining where parent did not challenge termination findings, they were binding, parent consequently became a former parent with no

---

[1]In parental rights termination cases, to protect the identity of the minors, we refer to the children and their family members by a pseudonym or initials. *See* Tex. R. App. P. 9.8(b)(2).

[2]The trial court also terminated the parental rights of individuals named by Mother as possible biological fathers of Kim and Karson, after finding they received notice and wholly made default, but they are not parties to this appeal.

legal rights to the child and lacked standing to challenge post-termination conservatorship); *In re S.C.*, No. 02-18-00422-CV, 2019 WL 2455612, at *3 (Tex. App.—Fort Worth June 13, 2019, pet. denied) (mem. op.) (same); *In re T.Y.*, No. 05-18-00287-CV, 2018 WL 3130652, at *1 (Tex. App.—Dallas June 25, 2018, pet. denied) (mem. op.) (same).

Upon termination of the parent-child relationship, Mother lost all legal rights with respect to Kim and Karson. *See In re A.G.*, 2017 WL 655954, at *1. Because Mother's parental rights to the children were terminated, she has no justiciable interest in this suit. *See In re P.M.S.*, 12-05-00280-CV, 2006 WL 1459993, at *4 (Tex. App.—Tyler May 26, 2006, no pet.) (mem. op.) (explaining because father's parental rights were terminated, he had no justiciable interest in conservatorship suit). "Former parents do not have standing to invoke the trial court's continuing jurisdiction over managing conservatorship issues." *In re Lambert*, 993 S.W.2d 123, 132 (Tex. App.—San Antonio 1999, no pet.). As a former parent and absent a justiciable interest, Mother lacks standing to challenge the trial court's conservatorship decision. *See id.*; *see also In re H.M.M.*, 230 S.W.3d 204, 204–05 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *In re S.C.*, 2019 WL 2455612, at *3; *In re T.Y.*, 2018 WL 3130652, at *1; *In re A.G.*, 2017 WL 655954, at *1. Given Mother's lack of standing, we do not have subject-matter jurisdiction over her claim. *See generally Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46

3

(Tex. 1993) (explaining standing is non-waivable component of subject-matter jurisdiction that can be raised *sua sponte* by court); *see also In re H.M.M.,* 230 S.W.3d at 204–05; *In re T.Y.*, 2018 WL 3130652, at *1; *In re A.G.*, 2017 WL 655954, at *1. Accordingly, we dismiss Mother's appeal. *See In re T.Y.*, 2018 WL 3130652, at *1; *In re A.G.*, 2017 WL 655954, at *1.

APPEAL DISMISSED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on March 8, 2022
Opinion Delivered April 14, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.