

# NUMBER 13-19-00393-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

CESAR DE LEON,                                                            Appellant,

v.

BROWNSVILLE GMS, LTD. AND
MICHAEL BENNETT,                                                         Appellees.

---

**On appeal from the 445th District Court
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Benavides**

Appellant Cesar De Leon, a former City Commissioner for the City of Brownsville (City), appeals an order denying his motion to dismiss the claims made against him in his individual capacity based on the election of remedies provision of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106. In the underlying lawsuit,

appellees, Brownsville GMS, Ltd. (GMS) and Michael Bennett, the general manager of GMS (the GMS parties), sued the City and various officials for alleged violations of the Texas Open Meetings Act and the competitive bidding procedures required by Chapter 252 of the Texas Local Government Code. *See* TEX. GOV'T CODE ANN. §§ 551.001–.146 (codifying the Texas Open Meetings Act); TEX. LOC. GOV'T CODE ANN. §§ 252.001–.063 (delineating the purchasing and contracting authority of municipalities). The GMS parties sued De Leon in his individual capacity for tortious interference with GMS's prospective business relations and alleged that he acted with malice. Concluding that the GMS parties' claims against De Leon are barred by the TTCA, we reverse and render.[1]

## I. BACKGROUND

GMS and Bennett filed suit against the City, the Honorable Tony Martinez in his official capacity as Mayor of Brownsville and member of the Brownsville City Commission, Rose M. Z. Gowen, Ricardo Longoria Jr., Joel Munguia, Jessica Tetreau, and Ben Neece (collectively with Martinez, Gowen, Longoria, Munguia, Tetreau and Neece, the "City Commissioners") in their official capacities as members of the Brownsville City Commission, and De Leon in his individual capacity. Through their "Verified First Amended Petition and Application for Temporary Injunction and Permanent Injunction," GMS and Bennett alleged that GMS had provided commercial and industrial waste collection to the City for more than thirty years and during that period, the City had utilized

---

[1] After De Leon filed his notice of appeal, the City of Brownsville, Tony Martinez, Rose M.Z. Gowen, Ricardo Longoria, Jr., Jessica Tetreau, Joel Mungia, and Ben Neece filed an interlocutory appeal from the trial court's alleged denial of the City's plea to the jurisdiction. To avoid confusion, the Court severed the City of Brownsville and the commission members' appeal from DeLeon's appeal and assigned the City of Brownsville's appeal to our appellate cause number 13-19-00467-CV. This Court subsequently dismissed that appeal. *See City of Brownsville v. Brownsville GMS, Ltd.*, No. 13-19-00467-CV, 2019 WL 4741730, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 27, 2019, no pet.) (mem. op.).

a competitive bidding process. In 2016, the City "again awarded its contract" to GMS; however, during the negotiation process the City made GMS's confidential proposal information publicly available to its competition. GMS and Bennett stated that De Leon "began a negative lobbying campaign against GMS," "complained that GMS had not donated money to [De Leon's] campaign," and made false statements regarding GMS. The GMS parties alleged that De Leon worked with Redfish, a competitor, to derail GMS's negotiations with the City. They asserted that the City ultimately engaged in two different bidding processes, rejected GMS's contract, and selected one of GMS's competitors to handle the City's industrial and commercial waste. They asserted that the defendants' actions violated the Texas Local Government Code and the Open Records Act. The GMS parties sought declaratory relief and temporary and permanent injunctive relief.

As relevant to this case, GMS and Bennett sued De Leon in his individual capacity for tortious interference with prospective business relations. Their verified first amended petition states, in relevant part:

> 81.    GMS was prepared to enter into a contract with Brownsville for commercial and industrial waste collection services. GMS had fully negotiated the contract with Brownsville staff and had executed the contract. All that remained was for the City Commission to approve the execution of the contract by Brownsville.
>
> 82.    Defendant De León knew of GMS's prospective contract with Brownsville and intentionally interfered with it, including by causing the City Commission to reject GMS's executed contract which was presented to it by Brownsville and all bids from the first RFP process, as well as by causing the City Commission to award the contract to Republic Services.
>
> 83.    Defendant De León's actions in interfering with GMS's prospective contract were independently tortious and in violation of multiple statutes, regardless of the effect those actions had on GMS's prospective contract.

3

84.     GMS could not know, nor by the exercise of reasonable diligence could have known of the facts giving rise to this claim until De León's statements describing how he stopped GMS because GMS had not contributed to his campaign or otherwise given him money were made public in late September 2017.

85.     Defendant De León's actions proximately caused injury to GMS, which resulted in lost profits from the prospective commercial and industrial waste collection contract with Brownsville.

86.     GMS seeks actual damages within the jurisdictional limits of this Court.

87.     In addition, Defendant De Leon acted with malice in intentionally interfering with GMS's prospective contract and causing injury to GMS, which entitles GMS to exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE [ANN.] § 41.002.

Thereafter, De Leon filed a motion to dismiss the claims brought against him in his individual capacity. He asserted that GMS and Bennett filed claims against him "for actions allegedly taken in the general scope of his duties as a City Commissioner," and that the election of remedies provisions of the TTCA provides for dismissal of the tort claims against him because the suit was based on "actions taken within the general scope of his duties regarding the same subject matter." He therefore alleged that the suit against him should be dismissed under § 101.106(f). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (providing for dismissal of a suit against an employee of a governmental unit based on conduct within the general scope of that employee's employment if it could have been brought under this chapter against the governmental unit). De Leon supported his motion to dismiss with (1) an excerpt from the city charter describing the duties of and compensation for a city commissioner, and (2) an excerpt from De Leon's deposition in which he testified that he was paid $8.00 for each commission meeting that he attended,

4

however, rather than accepting the salary, he directed the deputy city manager to donate that money to an organization of the manager's choice.[2]

GMS and Bennett filed a response in opposition to De Leon's motion to dismiss arguing that (1) dismissal would not serve the purpose of the TTCA's election of remedies provision; (2) the claims against De Leon fell outside the scope of his employment; and (3) suit against De Leon in his individual capacity "is the only avenue to recover for his tortious interference."

On August 13, 2019, the trial court denied De Leon's motion to dismiss, and this appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (authorizing an interlocutory appeal from the denial of a motion for summary judgment that is based on a government officer or employee's assertion of immunity); *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011) (holding that "an appeal may be taken from orders denying an assertion of immunity, as provided in section 51.014(a)(5), regardless of the procedural vehicle used"). De Leon raises three issues through which he contends that: (1) the assigned senior judge abused its discretion in refusing to withdraw from the case after a timely and proper objection; (2) upon a timely and proper objection, the assigned senior judge had no authority to take any further action other than withdrawal and any subsequent orders he entered were void; and (3) the GMS parties' suit against the City

---

[2] On December 21, 2020, this Court abated and remanded this cause because the exhibits attached to De Leon's motion to dismiss appeared to be defective based on the parties' briefing. Specifically, the version of De Leon's motion to dismiss found in the clerk's record contained two identical exhibits—excerpts from the city charter—but failed to contain an exhibit containing excerpts from De Leon's deposition. Following proceedings on remand, the parties presented the trial court with an agreed stipulation as to the omitted portion of the clerk's record. The trial court concluded that the omitted portion of the record, an excerpt from De Leon's deposition, had been previously presented to and filed with the trial court. The trial court thus ordered the omitted portion to be included in the clerk's record for appeal and ordered it to be field with this Court in the form of a supplemental clerk's record.

and De Leon for claims involving the same subject matter, arising out of the same actions and occurrences, constituted an irrevocable election under Texas Civil Practice & Remedies Code § 101.106 to pursue their tort claims only against the City, thus entitling De Leon to dismissal of the claims against him. The GMS parties have filed a response, and De Leon has filed a reply thereto.

## II. OBJECTIONS TO ASSIGNED JUDGE

In De Leon's first two issues, he contends (1) that the assigned judge abused his discretion in refusing to withdraw from the case after timely and proper objection, and (2) the assigned judge's orders are void. In our opinion in the companion case issued this same date, we have resolved these issues against De Leon. *See City of Brownsville v. Brownsville GMS, Ltd.*, No. 13-19-00311-CV, 2020 WL _____, at * (Tex. App.—Corpus Christi–Edinburg May 6, 2021, no pet. h.) (mem. op.). Accordingly, we overrule De Leon's first two issues.

## III. ELECTION OF REMEDIES

In his third issue, De Leon asserts that the only claims made against him were for tortious interference with GMS's prospective business relations and malice through his actions as a City Commissioner. De Leon argues that as a paid city official, he is considered an employee of the City and any claims made against him are presumed to be in his official capacity and against the City. De Leon asserts that the GMS parties chose to pursue remedies against the City for claims that involved the same facts and subject matter as did their claims against him, and that "irrevocable election" therefore precluded the GMS parties' claims against him individually. De Leon thus contends that he is entitled to the dismissal of all claims against made against him.

6

In response, the GMS parties assert that the trial court correctly denied De Leon's motion to dismiss under the TTCA's election of remedies provision because the provision applies only to current employees and does not apply to former employees. The GMS parties also contend that they are suing De Leon for third-party tortious interference with prospective business relationships, and this cause of action does not invoke the immunity protections of the TTCA because the same claim could not be brought against the City. The GMS parties argue that if De Leon were to succeed in having their claims dismissed, that they would have no remedy for the harm caused by De Leon's individual actions in allegedly interfering with GMS's prospective business relationships.

## A.  Standard for Review

Generally, we review a trial court's order on a motion to dismiss under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). However, the proper standard of review is not necessarily determined by the caption of the motion to which the order relates, rather it is determined by the substance of the issue to be reviewed. *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Here, De Leon's motion to dismiss raised the issue of immunity. *See id.*; *see also Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011) (stating that § 101.106 of the civil practice and remedies code confers immunity in some instances to employees of governmental units); *Fink v. Anderson*, 477 S.W.3d 460, 465 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (same).

If immunity applies, the trial court lacks subject-matter jurisdiction over the case. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)*; see also Univ. of Tex. Health Sci. Ctr. at San Antonio v. Webber–Eells*, 327 S.W.3d 233, 240 (Tex.

7

App.—San Antonio 2010, no pet.). Subject-matter jurisdiction is a question of law which we review de novo. *Miranda*, 133 S.W.3d at 226. Likewise, matters of statutory construction are reviewed under a de novo standard. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

We may not presume the existence of subject-matter jurisdiction; rather, the burden is on the plaintiffs to allege facts affirmatively demonstrating the trial court's subject-matter jurisdiction over the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443–44, 446 (Tex. 1993); *Anderson v. Bessman*, 365 S.W.3d 119, 123–24 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In deciding whether the court has subject-matter jurisdiction, we consider the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry, without regard to the case's merits. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)*; Anderson*, 365 S.W.3d at 124. We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228.

## B.  Election of Remedies

Our analysis of De Leon's claims begins with the "Election of Remedies" section of the TTCA. Under this section, the "filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(a). This section further provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* § 101.106(f). We perform a de novo review of the trial court's ruling on a motion to dismiss brought under this section. *Garza v. Harrison*, 574 S.W.3d 389, 400 (Tex. 2019), *Rivera v. Garcia*, 589 S.W.3d 242, 245 (Tex. App.—San Antonio 2019, no pet.)

Section 101.106(f) reflects the Texas legislature's intention to prevent recovery against a governmental employee in his individual capacity for work-related conduct. *See Garza*, 574 S.W.3d at 393–94 ("By adopting [§] 101.106(f), the Legislature has effectively mandated that only a governmental unit can be sued for a governmental employee's work-related tortious conduct."); *see also Franka*, 332 S.W.3d at 375–78. The Texas Supreme Court has explained this provision as follows:

> Section 101.106 of the [TTCA] alters the common-law scheme by requiring plaintiffs to choose between suing the governmental unit under the Act and suing a responsible employee in an individual capacity. Section 101.106 "force[s] a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." And because an official-capacity suit against a public employee is merely another way of pleading an action against the governmental employer, on the employee's motion, section 101.106(f) compels an election that makes suit against the governmental employer the exclusive remedy for a public employee's conduct within the scope of employment. In doing so, "section 101.106's election scheme favors the expedient dismissal of governmental employees when suit should have been brought against the government." Unlike official immunity, which is an affirmative defense that bars a governmental employee's individual liability, section 101.106(f) essentially prevents an employee from being sued at all for work-related torts and instead provides for a suit against the governmental employer.

*Garza*, 574 S.W.3d at 399–400 (footnotes omitted). Thus, § 101.106(f) of the Texas Civil Practices and Remedies Code provides a governmental employee with statutory immunity from suit when he is sued for a state-law tort that "(1) is based on conduct within the general scope of the employee's employment and (2) could have been brought under the [Texas Tort Claims] Act against the governmental unit." *Id.* at 400; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). If these two prongs are met, "section 101.106(f) compels an election that makes suit against the governmental employer the exclusive remedy for a public employee's conduct within the scope of employment." *Garza*, 574 S.W.3d at 399. And thus, any remaining tort claims against the employee in his individual capacity must be dismissed. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

The TTCA defines "employee" as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2); *see Hernandez v. Kanlic*, 583 S.W.3d 878, 887 (Tex. App.—El Paso 2019, pet. denied). The TTCA defines the "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5).

Government employees are not required to prove their subjective intent behind an allegedly tortious act in order to be dismissed from a suit pursuant to the election-of-

remedies provision, but rather, the analysis is fundamentally objective: "Is there a connection between the employee's job duties and the alleged tortious conduct?" *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017); *see Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 535 (Tex. 2017). There may be a connection between the employee's job duties and the alleged tortious conduct even if the employee performs negligently, or is motivated by ulterior motives or personal animus, if the conduct itself took place pursuant to the employee's job responsibilities. *See Garza*, 574 S.W.3d at 400; *Rios*, 542 S.W.3d at 535. Officials act within the scope of their employment if their acts fall within the duties they are generally assigned. *See Hernandez v. Sommers*, 587 S.W.3d 461, 470 (Tex. App.—El Paso 2019, pet. denied); *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 791 (Tex. App.—Dallas 2012, pet. denied;) *Anderson v. Bessman*, 365 S.W.3d 119, 125–26 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

## C.    Analysis

The GMS parties contend that De Leon cannot satisfy either prong of the test to show that § 101.106(f) of the Texas Civil Practices and Remedies Code is applicable. *See Garza*, 574 S.W.3d at 399–400. They assert that De Leon was not an employee, and thus the alleged torts were not based on conduct within the general scope of his employment and that their claims could not have been brought under the TTCA against the City. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

We first address the GMS parties' assertion that § 101.106 does not apply to De Leon because he was not an employee of the City at the time that they filed suit. De Leon resigned from his position as City Commissioner in February 2019, before the GMS parties filed suit in May 2019. The GMS parties argue that the plain language of the Act

11

indicates that it applies only to current employees insofar as § 101.106(f) specifies applicability to "an employee," § 101.001(2) defines an "employee" as "a person, including an officer or agent, who is in the paid service of a governmental unit," and both provisions utilize the present tense and contain no provisions regarding former employees. The GMS parties offer no authority in support of this contention, and we disagree with this interpretation of the statute.

The fact that De Leon was no longer employed by the City at the time that the GMS parties filed suit is irrelevant to our analysis of the claims against him. Under the TTCA, the relevant period of inquiry is whether De Leon was an employee of the City at the time of the incident for which suit was filed. *See*, *e.g.*, *Kanlic*, 583 S.W.3d at 887; *CKJ Trucking, L.P. v. City of Honey Grove*, 581 S.W.3d 870, 875 (Tex. App.—Dallas 2019, pet. denied); *Morgan v. City of Alvin*, 175 S.W.3d 408, 416 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also Vestal v. Pistikopoulos*, No. 10-16-00034-CV, 2016 WL 4045081, at *4 (Tex. App.—Waco July 27, 2016, no pet.) (mem. op.). Accordingly, we proceed to address De Leon's contentions that he falls within the provisions of the statute.

We begin by examining the GMS parties' pleadings. *See County of Cameron*, 80 S.W.3d at 555; *Anderson*, 365 S.W.3d at 124; *see also Rios*, 542 S.W.3d at 535 (concluding that the plaintiff's pleadings established the defendants' status as employees). In the GMS parties' verified first amended petition, they defined "Brownsville City Commission," "City Commissioners," and "Commission" as a "collective reference to the then-sitting Commissioners for the City of Brownsville and the Mayor of Brownsville." The petition states that "De Leon is a former member of the Brownsville City Commission and resigned on March 5, 2019." The petition further includes statements that;

12

"[O]ne Commissioner had a personal vendetta against GMS because GMS had not donated to his campaign."

In 2016, before contract negotiations with GMS were finalized, "Redfish (a GMS competitor and one of the other losing bidders) and De Leon, while holding the office of City Commissioner, began a negative lobbying campaign to impugn the reputation of GMS."

"Led by then Commissioner De Leon, the City Commission derailed the Brownsville-GMS contract by rejecting all bids."

At the City Commission meeting on December 13, 2016, De Leon "complained about the RFP process" with regard to the completed GMS contract.

"The City Commission reconvened in January 2017 at which time De Leon viciously and unfoundedly criticized Brownsville staff and GMS, seemingly using talking points from Redfish's public lobbying efforts," proposed a second RFP process, and moved to table any vote.

When the Commission met again in March 2017, "De Leon moved to reject all bids."

"Conflicts of interest surface[d] between De Leon and the bidders in the RFP process," and soon after the RFP process was derailed, "De Leon while still serving as a Brownsville City Commissioner began speaking out against GMS."

In a recorded conversation in September 2017, De Leon made statements in which he made "clear that, while acting as an elected public official, he intentionally interfered with the RFP process and the contract between Brownsville and GMS based on the fact that GMS had not donated money to his campaign."

The GMS parties' individual cause of action against De Leon falls in the verified first amended petition after the foregoing allegations and the specific pleaded causes of action against the remaining defendants. The GMS parties' cause of action against De Leon individually expressly states that they "incorporate each of the foregoing paragraphs above as if fully set forth herein."

13

We conclude that the pleadings allege facts showing that De Leon acted within the course and scope of his employment as a City Commissioner when the conduct that the GMS parties claim is actionable allegedly occurred. The GMS parties alleged specifically, on multiple occasions, that De Leon was acting as a City Commissioner when the events occurred. *See Rios*, 542 S.W.3d at 534. Based on the evidence, under the City's code, the City's Commissioners are the legislative and governing body of the City and they are paid for their services. Viewed objectively, a connection exists between De Leon's duties as a City Commissioner and the alleged tortious conduct pertaining to the bidding process and the award of a contract for the City's commercial and industrial waste services. *See Garza*, 574 S.W.3d at 400–01; *Laverie*, 517 S.W.3d at 753. This is true even if De Leon was allegedly motivated by ulterior motives or personal animus. *See Laverie*, 517 S.W.3d at 753. The connection between his job duties and allegedly tortious conduct, as claimed by the GMS parties themselves, places the conduct and actions squarely within the scope of his employment by the City. *See, e.g.*, *McFadden v. Olesky*, 517 S.W.3d 287, 296 (Tex. App.—Austin 2017, pet. denied) (explaining that an official acts within the scope of his authority if he is discharging the duties generally assigned to him); *Fink v. Anderson*, 477 S.W.3d 460, 466 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (stating that generally, an employee's scope of employment includes conduct the employee engages in while carrying out an assigned task even if the employee's conduct "escalates beyond that assigned or permitted"). We thus conclude that De Leon met the first prong of the test under § 101.106—that he was acting in the course and scope of his employment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Garza*, 574 S.W.3d at 399.

14

The GMS parties also dispute the second condition that De Leon must establish in order to avail himself of § 101.106(f)'s protection—that the alleged tort "could have been brought under the Act against the governmental unit"—in this case the City. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Garza*, 574 S.W.3d at 399. The GMS parties allege that they are suing De Leon for third-party tortious interference with prospective business relationships, which does not invoke the immunity section of the TTCA because the same claim could not be brought against the City. They argue that the City cannot tortiously interfere with its own contract.

As stated by the Texas Supreme Court in *Franka*, "[b]ecause the [TTCA] is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit [or one of its employees], whether [they are] sued alone or together with [their] employees, are assumed to be 'under [the Act]' for purposes of [§] 101.106." 332 S.W.3d at 378. Therefore, according to Texas Supreme Court guidance, this condition for § 101.106(f)'s applicability is virtually always satisfied. *See id.* at 381 ("Properly construed," the 'under the Act' test is "met in almost every [ ] suit against a government employee . . . ."). This is true regardless of whether a governmental entity has waived immunity for that particular cause of action. *See Franka*, 332 S.W.3d at 379 ("The rule [is] that a tort suit against the government, as distinct from a statutory claim, is brought 'under' the Act for purposes of section 101.106, even though the Act does not waive immunity."). The exception to this general result occurs when a suit is brought against a governmental employee pursuant to a statute that independently waives immunity, instead of a tort. *See Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at

15

659 ("Claims against [a governmental employee] brought pursuant to waivers of sovereign immunity that exist apart from the [TTCA] are not brought 'under [the TTCA].'").

Thus, we determine that a tortious interference claim is assumed to have been brought pursuant to the TTCA for purposes of § 101.106. *See id.* at 659; *see also Rios*, 542 S.W.3d at 538 (rejecting an employee's suit against his employer for, inter alia, defamation, harm to reputation, breach of contract, and tortious interference with his contract and future business relationships). And, saliently, we have concluded that De Leon was acting within the scope of his employment and accordingly need not further address the GMS parties' claims that he was acting as a third party. We conclude that the GMS parties' claims could have been brought under the TTCA against the City. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(a).

## D.    Summary

Section 101.106(f) compels an election that makes suit against the governmental employer the exclusive remedy for a public employee's conduct within the scope of employment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Garza*, 574 S.W.3d at 399. We have concluded that the GMS parties' suit was brought against De Leon as an employee of a governmental unit based on conduct within the general scope of De Leon's employment and it could have been brought under this chapter against the City, and accordingly, the GMS parties' suit is considered to be against De Leon in his official capacity only. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Garza*, 574 S.W.3d at 399. On De Leon's motion, the suit against him should be dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Garza*, 574 S.W.3d at 399. Based on the foregoing, we sustain De Leon's third issue.

**IV. Conclusion**

We reverse and render judgment dismissing the GMS parties' claims against De Leon in his individual capacity.

GINA M. BENAVIDES
Justice

Delivered and filed on the
6th day of May, 2021.